Argued and submitted September 27, affirmed December 26, 1985

## STATE OF OREGON,
*Appellant,*

*v.*

## THOMAS MILLS, III,
*Respondent.*

(85-72; CA A35200)

711 P2d 207

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Shaun S. McCrea, North Bend, argued the cause for respondent. On the brief was Robert J. McCrea, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant was charged with sodomy in the first degree under ORS 163.405(1)(c) and rape in the first degree under ORS 163.375(1)(c). The trial court sustained defendant's demurrer on the ground that the prosecution was not commenced within the limitation period. The state appeals.

Defendant was indicted on January 11, 1985.

"Thomas Edward Mills, III, is accused by the Grand Jury of the County of Coos, State of Oregon, by this Indictment of the crimes of COUNT 1: SODOMY IN THE FIRST DEGREE: and COUNT 2: RAPE IN THE FIRST DEGREE:

### COUNT 1:

"That said Thomas Edward Mills, III, between the 1st day of May 1981, and the 30th day of September, 1981, in the County of Coos and State of Oregon, then and there being, did unlawfully and knowingly engage in a deviate sexual intercourse with [his] daughter, a person under the age of 16 years, *said conduct constituting a breach of the fiduciary obligation that the defendant owed to his daughter,* the said conduct not being discovered by an aggrieved party or by a person who has a legal duty to represent an aggrieved party who was not a party to the offense until approximately the 29th day of June, 1984;

### COUNT 2:

"and as a part of the same act and transaction as set out in Count 1 herein, the said defendant between the 1st day of May 1981 and the 30th day of September, 1981, in the County of Coos, State of Oregon, then and there being, did unlawfully and knowingly engage in sexual intercourse with a female under the age of sixteen years, the said [female] being the said defendant's daughter, *said conduct constituting a breach of the fiduciary obligation that the defendant owed to * * *, his daughter,* the said conduct not being discovered by an aggrieved party who was not a party to the offense until approximately the 28th day of June, 1984; contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon." (Emphasis supplied.)

ORS 131.125 is the Statute of Limitations for crimes. It provides, in pertinent part:

"(2)   Except as provided in subsection (3) of this section or as otherwise expressly provided by law, prosecutions for

other offenses must be commenced within the following periods of limitations after their commission:

"(a)   For any other felony, three years.

"* * * * *

"(3)   If the period prescribed in subsection (2) of this section has expired, a prosecution nevertheless may be commenced as follows:

"(a)   *If the offense has as a material element* either fraud or *the breach of a fiduciary obligation,* prosecution may be commenced within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall the period of limitation otherwise applicable be extended by more than three years * * *." (Emphasis supplied.)

The state did not commence the prosecution within three years of the alleged crimes but relies on ORS 131.125(3)(a) to extend the limitations period for one year after June 28, 1984, when the state learned of the offenses.

The state argues that the crimes of which it accuses defendant have "as a material element * * * breach of a fiduciary obligation." ORS 131.125(3)(a). ORS 163.405(1)(c) provides:

"A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"* * * * *

"(c)   The victim is under 16 years of age and is the actor's brother or sister, of the whole or half blood, *his* son or *daughter* or his spouse's son or daughter." (Emphasis supplied.)

ORS 163.375(1)(c) provides:

"A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"* * * * *

"(c)   The female is under 16 years of age and is the male's sister, of the whole or half blood, *his daughter* or his wife's daughter." (Emphasis supplied).

The state's argument is that a father owes his daughter a "fiduciary obligation," which includes the duty not

to abuse her sexually. It asserts that the conduct charged, sexual intercourse and deviate sexual intercourse with a daughter, which are elements of the offenses, necessarily involves a breach of that fiduciary obligation. From these premises, the state concludes that because the conduct is an element of the offenses, breach of fiduciary obligation is also a "material element" of the crimes charged.

Breach of a fiduciary obligation is not a material element of the crimes with which defendant is charged. "Elements of crime" is defined as "[t]hose constituent parts of a crime which must be proved by the prosecution to sustain a conviction." *Black's Law Dictionary* 467 (5th ed 1979). In prosecuting the crimes with which defendant is charged, the state does not need to prove the existence and breach of a fiduciary obligation to obtain a conviction. Therefore, breach of fiduciary obligation is not a material element of these crimes.[1]

*State v. Howard,* 214 Or 611, 331 P2d 1116 (1958), interpreted the similar term "material ingredient." Former ORS 132.610 provided that "[t]he precise time at which the crime was committed need not be stated in the indictment, * * * except where the time is a material ingredient in the crime." The court held:

> "* * *The exception relates to those crimes in which time is a significant factor, *i.e.*, where the act is a crime if committed at one time but not if committed at some other time. Thus if a statute should make it a crime to sell liquor on Sunday, time is a material ingredient, because a sale at any other time does not constitute a violation of the statute.* * *" 214 Or at 615.

Under *Howard,* a "material ingredient" is equivalent to an "element" of a crime, which the state must plead and prove. ORS 132.610 was amended to substitute the term "material

---

[1] Chief Judge Schwab, dissenting in *State v. Gray,* 23 Or App 464, 473-74, 543 P2d 316 (1975), *rev den* (1976), rejected the argument that ORS 131.125(3)(a) extends the limitation period for theft in the first degree, ORS 164.055. He stated that the language " 'if the offense has as a material element either fraud or the breach of a fiduciary obligation' * * * may well fit defendant's *conduct,* but it does not apply to the consolidated offense of theft in the revised criminal code." (Emphasis in original.) That reasoning applies also in this case. Although defendant's alleged *conduct* may involve a breach of fiduciary obligation, that breach is not a material element of the offense.

element" for "material ingredient," Or Laws 1973, ch 836, § 194, and was recodified as 135.717.

The language of ORS 131.125(3)(a), which extends the period of limitations for certain crimes, is intended to reach those crimes of which fraud and breach of fiduciary duty are expressed elements. *See, e.g.,* ORS 165.037, 165.042, 165.055, 165.095 and 165.100, *i.e.,* forgery and related offenses, business and commercial offenses. If the legislature desired to extend the limitation period for crimes involving sexual abuse of minors, it would have done so in a clear and straightforward manner.[2]

Affirmed.

---

[2] The 1985 legislature did consider a bill to extend the limitation period for certain crimes involving sexual abuse of minors to three years past the victim's 18th birthday. House Bill 2306. The House passed the bill, but it died in the Senate.