Argued and submitted May 31, remanded in part; otherwise affirmed July 5, 2001

**STATE OF OREGON,**
*Respondent,*

*v.*

**LOGAN CAMPBELL AVRITT, JR.,**
*Appellant.*

**9805-34186; A105777**

28 P3d 642

Robin A. Jones, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Kaye E. McDonald, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Ceniceros, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction on one count of attempted aggravated murder, ORS 163.095; one count of first-degree assault with a firearm, ORS 163.175; one count of first-degree burglary, ORS 164.225; and one count of unlawful use of a weapon, ORS 166.220. He argues that the trial court erred in: (1) denying a demurrer to one count of the indictment; (2) refusing to deliver a requested jury instruction; (3) failing to merge the attempted aggravated murder and burglary convictions; and (4) delivering an "acquittal first" instruction. The state concedes the third assignment. We write only to address that issue, affirming as to the other assignments without discussion.

Defendant argues that the trial court should have merged the convictions for first-degree burglary and attempted aggravated murder. Defendant reasons as follows: He was charged with attempted aggravated murder, which is attempted intentional or felony murder committed under circumstances that the legislature had determined warrants enhanced penalties. In this case, he was charged with attempted aggravated murder based on his attempted homicide during the commission of a burglary. He argues that a defendant cannot be punished for both felony murder and the underlying felony, so it necessarily follows that a defendant likewise cannot be punished for both attempted aggravated murder based on attempted felony murder and the underlying felony.

The state contests defendant's reasoning, arguing that separate convictions may be entered for multiple crimes committed in the same criminal episode as long as each crime contains an element that the other does not. In this case, the state argues, it does not necessarily follow that the crimes of attempted aggravated murder and first-degree burglary must merge, because the crime of attempted aggravated murder does not require that the underlying felony actually have been completed. *See* ORS 163.115(1)(b) (requiring the state to prove that a defendant attempted to kill another "in the course of and in furtherance of the crime the person is * * * *attempting* to commit" (emphasis added)).

It is not necessary to resolve that question, however. In this case, the trial court specifically instructed the jury that it could not find defendant guilty of attempted aggravated murder unless it first found him guilty of the completed crime of burglary. The prosecutor did not object to that instruction. The state concedes that, as a result, for the purposes of this case, the crimes of attempted aggravated murder and first-degree burglary do merge. We accept that concession.

Remanded for entry of amended judgment merging convictions for attempted aggravated murder and first-degree burglary; otherwise affirmed.