Submitted July 28, 2011, convictions for first-degree arson reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree arson and for resentencing; otherwise affirmed February 8, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MASON MICHEAL MILLS,
*Defendant-Appellant.*

Washington County Circuit Court
C081459CR; A142328

273 P3d 162

Peter Gartlan, Chief Defender, and Meredith Allen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals a judgment of conviction for three counts of first-degree arson, ORS 164.325, and one count of second-degree arson, ORS 164.315. Of the four assignments of error raised by defendant, we write to address only his contention that the trial court erred in entering four convictions rather than merging them into a single first-degree arson conviction. Although we agree with defendant that the three first-degree arson convictions should have been merged into a single conviction, defendant did not preserve his merger argument regarding his second-degree arson conviction, and, for that reason, we reject that argument. Accordingly, we reverse defendant's first-degree arson convictions and remand with instructions to enter a judgment of conviction for one count of first-degree arson and for resentencing.

Because defendant was convicted, we state the few necessary contextual facts in the light most favorable to the state. *State v. Dasa*, 234 Or App 219, 221, 227 P3d 228, *rev den*, 349 Or 173 (2010). Defendant's ex-girlfriend, Weeks, and her new boyfriend, Jacob, were sleeping in Weeks's bedroom above the garage at her grandparent's home when defendant—upset that Weeks was with another man—and Messick, who was a friend of defendant, decided to throw eggs at Jacob's car, which was parked below Weeks's bedroom window. After "egging" the car, defendant and Messick left the house, but, having decided that throwing eggs at the car was not sufficiently vindictive, they later returned to the house to inflict more damage to the car by throwing gasoline on it. Once there, either defendant or Messick eventually set fire to Jacob's car,[1] setting off the car's alarm and waking up Weeks and Jacob. Weeks called the fire department, and, by the time that the firefighters arrived, the flames had proceeded from merely burning the car to damaging parts of the house itself, filling areas of it with smoke.

The state charged defendant with three counts of first-degree arson, alleging the following in the indictment:

---

[1] During trial, the state proceeded on the theories that defendant either set the fire or assisted Messick in doing so, and the record supports either possibility.

"COUNT 1

"The defendant * * * did unlawfully and intentionally damage property, to-wit: a car, by starting a fire, thereby recklessly placing protected property of another * * * in danger of damage.

"* * * * *

"COUNT 2

"The defendant * * * did unlawfully and intentionally damage property, to-wit: a car, by starting a fire, thereby recklessly placing [Weeks] in danger of physical injury.

"* * * * *

"COUNT 3

"The defendant * * * did unlawfully and intentionally damage property, to-wit: a car, by starting a fire, thereby recklessly placing [Jacob] in danger of physical injury."

(Capitalization in original.) Further, the state charged defendant with one count of second-degree arson. The jury found defendant guilty of all of the charges.

At the ensuing sentencing hearing, defendant argued to the court that, under *State v. Luers*, 211 Or App 34, 153 P3d 688, *adh'd to as modified on recons*, 213 Or App 389, 160 P3d 1013 (2007), his three first-degree arson convictions had to be merged into a single conviction because those charges all had been brought under the same subsection of ORS 164.325—*viz.*, ORS 164.325(1)(a)(B).[2] In support of that argument, defendant further contended that the three counts of first-degree arson alleged in the indictment were merely

---

[2] ORS 164.325(1) provides, as relevant:

"A person commits the crime of arson in the first degree if:

"(a) By starting a fire or causing an explosion, the person intentionally damages:

"* * * * *

"(B) Any property, whether the property of the person or the property of another person, and such act recklessly places another person in danger of physical injury or protected property of another in danger of damage[.]"

Further, ORS 164.305(1) generally defines "[p]rotected property" as "any structure, place or thing customarily occupied by people."

alternative theories to prove his guilt for committing a single act of that crime, which should lead to a single conviction.

The court disagreed, concluding that, because it was not going to impose consecutive sentences on the three first-degree arson convictions, it did not need to follow *Luers* as "it is not really going to come [into] play." Following the sentencing hearing, the court entered three convictions on the first-degree arson counts, imposing three years of probation as the cumulative sentence on those convictions, and one second-degree arson conviction, imposing a sentence of nine months' imprisonment on that conviction.

On appeal, defendant reprises his merger argument on the three first-degree arson convictions, and the state concedes that the court erred in failing to merge those convictions. That concession is well taken. *See Luers*, 211 Or App at 67 (concluding that anti-merger statute, ORS 161.067, does not preclude merger of three first-degree arson convictions, all of which were brought under *former* ORS 164.325(1)(b) (1999), *renumbered as* ORS 164.325(1)(a)(B) (2005), despite allegations in indictment alleging for each count that the defendant's criminal conduct recklessly endangered different protected property or person).[3] Accordingly, the court erred in failing to merge the three first-degree arson convictions into a single conviction.

Defendant also contends on appeal that the court erred in failing to merge his second-degree arson conviction with his first-degree arson convictions. We will consider that contention only if defendant raised it with the trial court and, thereby, preserved it for appeal.[4] ORAP 5.45(1); *State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011). To preserve an issue for appeal, a party must proffer to the trial court the basis for the party's objection with enough specificity to "ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error

---

[3] The text of *former* ORS 164.325(1)(b) (1999) was retained *in toto* when the statute was reorganized and renumbered as ORS 164.325(1)(a)(B) and has not been amended since; therefore, the case law interpreting the former statute applies in this case.

[4] Defendant does not advance on appeal an argument that the court committed plain error in failing to merge the arson convictions.

immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

Here, defendant argues that he adequately preserved at the sentencing hearing his merger argument regarding the second-degree arson conviction because (1) the state argued at the beginning of the hearing that none of the arson counts should merge because "each of these different counts contain an element that the * * * others do not"; (2) defendant concluded generally, after outlining his merger argument with respect to the first-degree arson counts, that he should "end up with one conviction for sentencing purposes"; and (3) after the court concluded that the first-degree arson convictions should not be merged, it stated that the second-degree arson conviction "involve[d] a separate element because it involve[d] proof of damage of property in a certain amount," and, therefore, that conviction did not merge with the other convictions. In the context of the merger argument that defendant made during the sentencing hearing, which focused solely on his first-degree arson convictions and neither referred to ORS 164.315—the second-degree arson statute—nor to whether second-degree arson requires proof of an additional element from those required for first-degree arson, defendant's statements at the sentencing hearing were insufficient to alert the court to the alleged error with respect to the second-degree arson conviction. Therefore, defendant did not preserve that issue for our review.

Convictions for first-degree arson reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree arson and for resentencing; otherwise affirmed.