Argued and submitted June 26, 2013, convictions on Counts 2 through 9 for first-degree arson reversed and remanded with instructions to enter a judgment of conviction for two counts of first-degree arson and for resentencing, otherwise affirmed April 8, 2015

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KYLE IRVIN WAYNE JONES,
*Defendant-Appellant.*

Jackson County Circuit Court
100170FE; A146967

347 P3d 346

Jedediah Peterson, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney in Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Edmonds, Senior Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction entered after a jury trial for one count of attempted aggravated murder (Count 1), ORS 161.405; ORS 163.095, and eight counts of first-degree arson (Counts 2 through 9), ORS 164.325. On appeal, defendant first assigns error to the trial court's refusal to consent to defendant's waiver of his right to a jury trial. Because we conclude that defendant did not preserve the argument that he raises on appeal, we reject that assignment of error. In four assignments of error, defendant argues that the trial court plainly erred in failing to merge the guilty verdicts. We agree with and accept the state's concession that the trial court plainly erred in failing to merge defendant's guilty verdicts on the eight counts of first-degree arson into two counts of first-degree arson. However, we cannot reach defendant's additional merger arguments as plain error because that error is not apparent on the face of the record. Finally, we reject defendant's remaining assignments of error regarding nonunanimous jury verdicts without discussion. *See State v. Cobb*, 224 Or App 594, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009). Accordingly, we reverse and remand defendant's convictions on eight counts of first-degree arson with instructions to enter a judgment of conviction for two counts of first-degree arson and for resentencing. We otherwise affirm.

In January 2010, defendant and four others set a duplex house on fire in retribution for Sewell's assault of one of defendant's companions. At the time they set the fire, there were eight occupants of the duplex—Sewell and his grandmother, Marsh, were in number 124 and six people were in number 122. The record does not clearly reflect who owned or rented each side of the duplex. Defendant was charged with one count of attempted aggravated murder of Sewell and eight counts of first-degree arson—one count for each occupant of the duplex.

Before defendant's scheduled trial, defendant sought to waive his right to a jury trial, to which the state did not raise an objection. The trial court did not make a decision on the record whether to consent to the waiver, but stated that it would promptly do that:

"[DEFENSE COUNSEL]: Your Honor, the defense is ready. We will waive a jury in this case.

"* * * * *

"THE COURT: Okay. Well, I know I think most of the judges are under the feeling now that we don't like to hear a waiver—or hear a trial that feels that should be set for a jury. But at this point we'll consult and determine whether we will accept the waiver or we'll—or that it [will] be a jury trial.

"[PROSECUTOR]: Does the Court know when it might be able to let us know? Because I have—

"THE COURT: By noon."

Defendant also provided to the court his signed, written jury waiver. Later that same day, the trial court wrote on the waiver "Not allowed" and signed and dated it. The trial court register reflects that the parties were also notified that day. Defendant did not raise the issue of his jury waiver again. After the jury trial that began two days later, the jury found defendant guilty of all the charged counts, and the trial court entered a judgment of conviction on each of those counts.

Under Article I, section 11, of the Oregon Constitution, a criminal defendant may, at his election, waive trial by jury, if the trial court consents:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; * * *; provided, however, that any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing[.]"

We review a trial court's refusal to consent to a defendant's jury waiver for an abuse of discretion. *State v. Harrell/ Wilson*, 353 Or 247, 254, 297 P3d 461 (2013).

In his briefing, defendant argues that the trial court abused its discretion by failing to adequately explain the basis for its decision. The state responds that defendant's argument is not preserved because defendant did not specifically request that the trial court explain its decision. At oral

argument, defendant contended that he was not required to do that and that his argument also encompassed a preserved contention that the trial court's reason not to consent was substantively insufficient.

We conclude that the argument defendant makes on appeal was not preserved. Our preservation rules are both prudential and pragmatic. "Preservation gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). "What is required of a party to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court." *Id.* at 220.

Defendant's contends that the court abused its discretion by failing to adequately explain its reasons for refusing to consent to his jury waiver:

> "The trial court's statement—insofar as it can be construed as the basis for the court's later decision to not accept defendant's waiver—fails to adequately explain the basis of its decision. The court failed to explain what criteria it was applying and how that criteria applied to this particular case."

Defendant's argument does not raise a challenge to the trial court's implicit reason for refusing to consent as improper, and we decline defendant's invitation to implicitly read such a challenge into the argument that defendant does make on appeal. As to the argument defendant does develop, he did not request an explanation from the trial court for its refusal to consent to his jury waiver, even though he could have done that before the start of the trial. Had he done that, the trial court easily could have made a record of its reasoning and avoided the purported error that defendant has identified on appeal. *Peeples*, 345 Or at 223 (applying preservation requirements to a procedural challenge to the trial court's failure to make special findings). Because we conclude that defendant's assignment of error was not preserved below, we do not reach its merits.

Defendant next raises two distinct issues regarding merger of the guilty verdicts. Defendant first argues that the trial court should have merged the guilty verdicts for Counts 2 and 3 into a single conviction for first-degree arson, and the guilty verdicts for Counts 4 through 9 into a single conviction for first-degree arson, resulting in two convictions—one for each unit of the duplex. Defendant argues that those guilty verdicts should merge because, for the section of the first-degree arson statute under which defendant was charged, ORS 164.325(1)(a)(B), the victim is the owner of the damaged property, not the person who is put in physical danger by the arson. *State v. Luers*, 211 Or App 34, 65-66, 153 P3d 688, *adh'd to on recons*, 213 Or App 389, 160 P3d 1013 (2007); *see also State v. Mills*, 248 Or App 35, 39, 273 P3d 162 (2012) (applying *Luers* to current version of first-degree arson statute). Defendant acknowledges that he did not preserve those assignments of error, but requests that we reach them as plain error. ORAP 5.45(1). The state concedes that the trial court's failure to merge the guilty verdicts on the eight counts of first-degree arson into two counts of first-degree arson constitutes plain error. We agree, accept the state's concession, and, for the reasons stated in *State v. Ryder*, 230 Or App 432, 435, 216 P3d 895 (2009), conclude that it is appropriate to exercise our discretion to correct the errors.

Building on defendant's first merger argument, defendant next argues that the trial court should have merged the guilty verdicts for attempted aggravated murder (Count 1) and the two remaining counts of first-degree arson (Counts 2 and 4) into a single conviction for attempted aggravated murder, relying on *State v. Avritt*, 175 Or App 137, 28 P3d 642 (2001), *rev den*, 333 Or 400 (2002). Defendant argues that the verdicts should merge because, as in *Avritt*, the trial court instructed the jury that it could not find defendant guilty of attempted aggravated murder unless it first found him guilty of the completed underlying felony—here, first-degree arson—making the underlying felony a lesser-included offense of the attempted aggravated murder count. *Id.* at 140; *see also* ORS 161.067(1) ("When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of

an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.").

The state responds that, even if the trial court erred in failing to merge either of the first-degree arson verdicts into the attempted aggravated murder verdict, the error is not reviewable as plain error. The state points out that the case on which defendant relies, *Avritt*, only addressed the anti-merger provision in ORS 161.067(1). However, the state contends that the anti-merger provision in ORS 161.067(2) applies here because the three counts appear to involve three different victims. *See* ORS 161.067(2) ("When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims."). The attempted aggravated murder count identified Sewell as the victim. The two remaining arson counts identified the property and the occupant to which the count related—number 124 and Marsh for Count 2 and number 122 and Leeder for Count 4. Also, the restitution form identified three individuals as the victims of property damage, Marsh, Garner (an occupant of number 122), and a person who was not an occupant at the time of the fire. Thus, the state contends that it is not apparent on this record that any of the three counts involved the same victim such that those verdicts could merge based on a plain-error argument. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (among other things, to address as plain error, the error must "appear 'on the face of the record,' *i.e.*, the reviewing court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable"). We conclude that, for the reason identified by the state, we cannot address defendant's additional merger argument as plain error.

Convictions on Counts 2 through 9 for first-degree arson reversed and remanded with instructions to enter a judgment of conviction for two counts of first-degree arson and for resentencing; otherwise affirmed.