BREWER, S. J., dissenting.
The majority understandably adheres to State v. Barrett , 331 Or. 27, 10 P.3d 901 (2000), and State v. Wilson , 216 Or. App. 226, 173 P.3d 150 (2007), rev. den. , 334 Or. 391, 181 P.3d 770 (2008), adh'd to as modified on recons. , 228 Or. App. 365, 208 P.3d 523 (2009), in concluding that petitioner's convictions do not merge. However, in my view, the courts in Barrett and Wilson departed from the unambiguous text of the "anti-merger" statute, ORS 161.067(1), and the aggravated murder statute, ORS 163.095, in (1) mistakenly characterizing the elements of aggravated felony murder, ORS 163.095(2)(d) ; and (2) failing to properly apply the meaning of ORS 161.067(1), which states that, to avoid the merger of offenses, "each provision" must "require[ ] proof of an element that the other does not." Because, under a correct interpretation of those statutes, the underlying felony of which petitioner was convicted-first-degree robbery-does not require proof of an element that is not contained in *437 attempted aggravated felony murder, petitioner's conviction for the latter offense completely subsumes his conviction for the former. Accordingly, I would conclude that petitioner's robbery conviction should merge into his attempted aggravated murder conviction. Because that conclusion supports petitioner's claim for post-conviction relief, I respectfully dissent.
I. ELEMENTS OF AGGRAVATED FELONY MURDER
ORS 161.067, governing merger of offenses, provides, in pertinent part:
"(1) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."
(Emphasis added.) The first sticking point in this case lies in determining the elements of the primary offense for which petitioner was convicted, attempted aggravated felony murder. ORS 163.095(2)(d). The parties have different conceptions of those elements. Petitioner contends that the elements of the underlying felony of which he was convicted-first-degree robbery-are elements of his attempted aggravated felony murder conviction, whereas *978 the superintendent contends otherwise. The superintendent, citing Barrett , asserts that the elements of the underlying felony are not elements of attempted aggravated felony murder. As I will explain, I believe that that conclusion is incorrect.
The question poses an issue of statutory interpretation, viewed in the context of the broader statutory scheme for the crime of murder. State v. Gaines , 346 Or. 160, 171, 206 P.3d 1042 (2009) (text and context are primary components of statutory construction analysis). "Felony murder" is a form of murder that is committed during the course of certain enumerated crimes, including first-degree robbery. ORS 163.115(1)(b) ; State v. Wille , 317 Or. 487, 493, 858 P.2d 128 (1993) ("We refer to ORS 163.115(1)(b) as 'felony murder.' "). As the Supreme Court has explained, "[t]he murder statutes distinguish between 'ordinary' murder and murder that is accompanied by specified aggravating circumstances.
*438 See ORS 163.115 (murder); ORS 163.095 (aggravated murder)." State v. Ventris , 337 Or. 283, 292, 96 P.3d 815 (2004). "Aggravated murder" is defined as "murder as defined in ORS 163.115 which is committed under, or accompanied by" statutorily defined aggravating circumstances, ORS 163.095, one of which is that "the defendant personally and intentionally committed the homicide under the circumstances set forth in ORS 163.115(1)(b)." ORS 163.095(2)(d). In this case, petitioner was charged under ORS 163.095 (2)(d), "a category commonly called 'aggravated felony murder'." Wille , 317 Or. at 493, 858 P.2d 128.
Under the described statutory scheme, there is a concomitant relationship between ordinary murder, ORS 163.115, and aggravated murder, ORS 163.095, and, as relevant here, between felony murder, ORS 163.115(1)(b) and aggravated felony murder, ORS 163.095(2)(d). "[A]ny of the forms of murder under ORS 163.115 -intentional murder, felony murder, or murder by abuse-can become aggravated murder when the circumstances of the murder include one or more of the specified additional elements set out in ORS 163.095." Ventris , 337 Or. at 293, 96 P.3d 815 ; see id. at 294, 96 P.3d 815 (describing ORS 163.095(2)(d) and ORS 163.115(1)(b) as fitting together "in a coherent relationship, with the additional finding of the aggravating circumstances transforming felony murder into aggravated murder").
With that foundation in mind, I turn to Barrett . In that case, the defendant was charged with multiple counts of aggravated murder, including one count of aggravated felony murder, ORS 163.095(2)(d), based on the intentional killing of the victim during the commission of a robbery. 331 Or. at 29, 10 P.3d 901. The defendant was separately charged with one count of first-degree robbery under ORS 164.415. Id. The issue on review was whether the sentencing court could impose multiple life sentences on the defendant for the aggravated murder of one victim. Id. at 30-31, 10 P.3d 901. The court concluded that the defendant's conduct in intentionally murdering one victim did not violate "two or more statutory provisions," as that phrase is used in former ORS 161.062(1), id. at 31, 10 P.3d 901, because "all the enumerated circumstances simply serve to prove the single essential element of 'aggravation,' "
id="p439" href="#p439" data-label="439" data-citation-index="1" class="page-label">*439id. at 35, 10 P.3d 901.[1] It followed, the court concluded, that multiple sentences were impermissible for the aggravated murder of a single victim. Id . at 36, 10 P.3d 901. Having so concluded, the court also was concerned with the implications of its decision for purposes of verdict and jury concurrence requirements. In those regards, the court explained that the "defendant properly was charged with and convicted of multiple counts of aggravated murder based on the existence of multiple aggravating circumstances,"
id="p979" href="#p979" data-label="979" data-citation-index="1" class="page-label">*979id. at 31, 10 P.3d 901, and that "[e]ach of the three theories of aggravated murder at issue here is one on which the jury had to agree unanimously," id. at 36, 10 P.3d 901.
Although the issue of whether the defendant could be separately sentenced for both the underlying felony and aggravated felony murder was not presented in Barrett , the court nevertheless opined on that issue. The court recognized that the murder in that case was committed in the course of committing one of the felonies listed under ORS 163.115 (1)(b), the felony murder statute, and, thus, ORS 163.095 (2)(d) applied. Id. at 34 n. 2, 10 P.3d 901. However, the court described "each of those underlying felonies as a separate aggravating circumstance," id. , and then relatedly opined:
"Under the foregoing analysis, a separate conviction could be entered on the robbery charge on remand. Robbery and aggravated murder clearly are set out in two different statutory provisions, ORS 164.415 and ORS 163.095. Moreover, in light of our conclusion that the various aggravating circumstances are not 'elements' for purposes of former ORS 161.062(1) but, rather, alternative ways of proving the element of aggravation, the statutory provisions penalizing robbery and aggravated murder each involve an element that the other does not and address *440 separate legislative concerns. Accordingly, for purposes of former ORS 161.062(1), we do not view robbery as a lesser-included offense to the aggravated-murder charge."
Id. at 37 n. 4, 10 P.3d 901.
In my view, only one of the court's statements in footnote 4 was clearly correct: Robbery and aggravated murder are set out in two different statutory provisions. The court's conclusion that aggravating circumstances are not separate elements for purposes of former ORS 161.062(1), but, rather, alternative ways of proving the single element of aggravation, is more debatable,[2] but that is not my concern here. Unfortunately, the other statements in footnotes 2 and 4-all of which were dicta -are in my view inaccurate: Underlying felonies are not "aggravating circumstances" of felony murder that elevate the offense to aggravated felony murder. The aggravating circumstance that elevates felony murder to aggravated felony murder is personally and intentionally committing the murder. The felony itself is an element of felony murder and, perforce, it is an element of aggravated felony murder, which, in turn, is a form of felony murder. It follows that the underlying felony is a lesser-included offense of aggravated felony murder. That understanding is supported by both statutory text in context and related case law.
Aggravated felony murder means "murder as defined in ORS 163.115," the ordinary murder statute and its subcategories, including felony murder, "which is committed under, or accompanied by, any of the following circumstances," known as aggravating circumstances. ORS 163.095. One such aggravating circumstance is set out in ORS 163.095(2)(d), which applies where a defendant "personally and intentionally committed the homicide under the circumstances set forth in ORS 163.115(1)(b)," the felony murder statute. Taken together, those provisions establish that, to convict a defendant of aggravated felony murder under ORS 163.095(2)(d), the state must prove that the defendant *441 (1) committed murder-in this case, felony murder under ORS 163.115(1)(b) ; and (2) committed the homicide "personally and intentionally."
Even if, as the court in Barrett stated, various aggravating circumstances are aspects of a single element of aggravation, the matter is one of substance, not semantics: To prove aggravated felony murder, the state must prove the elements of felony murder, as set out in ORS 163.115 (1)(b), which include the elements of the underlying felony, in addition to the aggravating circumstance. It follows that the underlying felony is an element *980 of aggravated felony murder. See, e.g ., State v. Mills , 77 Or. App. 125, 129, 711 P.2d 207 (1985) (" 'Elements of crime' is defined as '[t]hose constituent parts of a crime which must be proved by the prosecution to sustain a conviction.' Black's Law Dictionary 467 (5th ed. 1979)." (Brackets in Mills .) ).
Barrett aside, Supreme Court case law overwhelmingly supports that view. In State v. Farrar , 309 Or. 132, 185, 786 P.2d 161, cert. den. , 498 U.S. 879, 111 S.Ct. 212, 112 L. Ed. 2d 171 (1990), the court explained:
"In State v. Reynolds , 289 Or. 533, 539, 614 P.2d 1158 (1980), this court recognized that ORS 163.095(2)(d) does not eliminate the felony-murder elements and thereby make every murder that is committed personally and intentionally an aggravated murder. Rather, ORS 163.095 (2)(d) requires proof of the elements of felony murder and that defendant personally and intentionally committed the murder. "
(Emphases added.); Reynolds , 289 Or. at 538-39, 614 P.2d 1158 ("[A]lthough the elements of ORS 163.095(2)(d) and ORS 163.115(1)(b) overlap, the statutes are different because ORS 163.095 (2)(d) requires one additional element : personal commission of the homicide." (Emphasis added.) ); State v. Tucker , 315 Or. 321, 331, 845 P.2d 904 (1993) (stating that "[underlying felonies] were lesser included offenses of aggravated felony murder"); see also Wille , 317 Or. at 487, 858 P.2d 128 ("[T]he underlying crime of aggravated felony murder is felony murder, as defined by ORS 163.115(1)(b), but, the aggravating circumstance is that a defendant committed the homicide *442 'personally and intentionally .' ORS 163.095(2)(d)." (Emphases added.) ).[3]
Significantly, even after Barrett , the Supreme Court has held that ORS 163.095(2)(d)"consists of felony murder with the additional aggravating circumstance of having been committed personally and intentionally," and has recognized that " ORS 163.095(2)(d)specifically mentions and incorporates the definition of felony murder ." Ventris , 337 Or. at 294, 96 P.3d 815 (emphasis added). Moreover, this court-which generally has adhered to Barrett 's statement that an underlying felony is not an element of aggravated felony murder-has held that any form of murder under ORS 163.115 is an element of aggravated murder. State v. Walraven , 214 Or. App. 645, 654, 167 P.3d 1003 (2007), rev. den. , 344 Or. 280, 180 P.3d 702 (2008) (" ORS 163.115 does not require proof of any element that ORS 163.095 does not. That is so because, under ORS 163.095, any type of murder defined in ORS 163.115 may serve as the basis for an aggravated murder conviction. Bluntly: 'murder'-in any form-is an element of aggravated murder." (Emphases in original.) ).
In short, Barrett is an outlier in opining that felony murder is not an element-and therefore not a lesser-included offense-of aggravated felony murder. Unfortunately, that intimation in Barrett has cast doubt on longstanding authority that an underlying felony is a lesser-included offense of aggravated felony murder that merges with the latter. Compare Tucker , 315 Or. at 331, 845 P.2d 904 (stating that "robbery and burglary were lesser-included offenses of *443 aggravated felony murder"), with Barrett , 331 Or. at 37 n. 4, 10 P.3d 901 ("[W]e do not view robbery as a lesser-included offense to the aggravated-murder charge."). In my view, the court got it right in Tucker , and it would greatly benefit the bench and bar for the court to reiterate and adhere to its essential holding in that case: Felonies underlying an aggravated felony murder conviction are *981 elements of aggravated felony murder and, therefore, such felonies are lesser-included offenses of aggravated felony murder.[4] Accordingly, I would reach the parties' remaining dispute, which concerns the meaning of ORS 161.067(1).
II. DOES "EACH PROVISION" THAT DEFENDANT VIOLATED "REQUIRE PROOF OF AN ELEMENT THAT THE OTHER DOES NOT"?
Apart from Barrett , the parties also dispute whether (1) all the elements of completed first-degree robbery are included in the offense of attempted aggravated felony murder; and (2) merger is precluded because all the elements of attempted aggravated murder are not included in first-degree robbery. The linchpin of their disagreement involves the meaning of the phrase "each provision requires proof of an element that the others do not" in ORS 161.067(1).
Again, ORS 161.067(1) provides:
"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."[5]
*444 By its terms, ORS 161.067(1) establishes when a sentencing court may not merge guilty verdicts. As pertinent here, the court may not merge defendant's robbery conviction with his attempted aggravated felony murder conviction if "each provision requires proof of an element that the others do not." (Emphasis added.) That inquiry has two interdependent prongs. First, the court must determine whether first-degree robbery requires proof of an element that attempted aggravated felony murder does not. If it does, the court next must determine whether attempted aggravated felony murder requires proof of an element that robbery does not. If the answer to that question is yes , then, and only then, are there separately punishable offenses. However, the second question need not be reached if the answer to the first question is no , given the statutory requirement that, to avoid merger, each provision must require different proof. Stated differently, if first-degree robbery does not require proof of an element that attempted aggravated felony murder does not require, the analysis ends, and the convictions merge.
As suggested above, the conventional way of describing merger under ORS 161.067(1) has used the term "lesser-included offense." In Tucker , the Supreme Court noted that "those conditions [requiring separate punishable offenses under ORS 161.067 ] are not met where one offense charged truly is a lesser included offense of another offense charged, that is, when the former has no elements not also present in the latter, even though the latter has additional elements not present in the former." 315 Or. at 331, 845 P.2d 904 ; State v. Bowen , 340 Or. 487, 528, 135 P.3d 272 (2006), cert. den. , 549 U.S. 1214, 127 S.Ct. 1258, 167 L. Ed. 2d 89 (2007) (same); see also State v. Blake , 348 Or. 95, 99, 228 P.3d 560 (2010) ("[I]f one offense contains X elements, and another offense contains X + 1 elements, the former offense does not contain an element that is not also found in the latter offense. In that situation, under ORS 161.067(1), there is only one separate punishable offense.").
Importantly, in those cases the court confirmed that additional elements in the primary offense do not affect the merger analysis. In particular, in holding that the crime of *982 criminal possession of a forged instrument should have merged into the crime of forgery, the court in Blake *445 emphasized that "it is of no consequence that the crime of first-degree forgery contains elements that possession of a forged instrument does not. '[E]ach' statutory provision must contain an element that the other does not. ORS 161.067(1)." Blake , 348 Or. at 102 n. 4, 228 P.3d 560. And, in Tucker , the court held that robbery and burglary were lesser-included offenses of aggravated felony murder because the former had no elements that were not also present in the latter. 315 Or. at 331, 845 P.2d 904.
Insofar as his current crimes of conviction are concerned, petitioner asserts that first-degree robbery is a lesser-included offense of attempted aggravated felony murder. Apart from its unavailing reliance on Barrett , in contending otherwise, the state asserts that a completed underlying felony does not merge with either attempted aggravated felony murder or aggravated felony murder because the latter offense does not require proof that the underlying felony was completed.[6]
In support of that argument, the superintendent relies on several decisions of this court, including State v. Dickerson , 112 Or. App. 51, 59-60, 827 P.2d 1354, rev. den. , 313 Or. 627 (1992). In that case, this court held that a completed kidnapping conviction did not merge into an associated felony murder conviction because the felony murder only *446 required proof of an attempted kidnapping, not a completed one. Dickerson , as the state acknowledges, was subsequently abrogated by State v. Walton , 134 Or. App. 66, 74, 894 P.2d 1212, 1216, rev. den. , 321 Or. 429, 899 P.2d 1197 (1995), where this court held that a felony conviction merges into a felony murder or an aggravated felony murder conviction predicated on an attempt or completion of that felony.
The superintendent remonstrates that
"the court [in Walton ] overlooked the distinction between cases in which the charging instruments required proof that the underlying felonies were completed and cases in which they did not. See State v. Alvarez , 240 Or. App. 167, 171, 246 P.3d 26 (2010), 350 Or. 480 [256 P.3d 1070] (2011) (court 'will look to the indictment to determine which form [alternative form of crime] is charged')."
That argument, however, rests on a fundamental misunderstanding of this court's decision in Alvarez . In that case, the court acknowledged the general rule, that, in determining whether offenses merge under ORS 161.067, only the statutory elements of each offense are compared, not the underlying factual circumstances recited in the indictment. 240 Or. App. at 171, 246 P.3d 26. As an exception to that general rule, the court stated that,
"when a statute contains alternative forms of a single crime (as, for example, unlawful use of a weapon, which can be committed either by (1) carrying or possessing a dangerous weapon or by (2) attempting to use one), we will look to the indictment to determine which form is charged, and we *983 use the elements of the charged version in the merger analysis."
Id. In short, the court in Alvarez cabined the stated exception to the circumstance where a statute provides alternative ways to commit the same offense. Contrary to the superintendent's argument, the court did not hold that that exception applies where a felony murder charge could be established only by proof that the underlying felony was completed. Here, unlike in Alvarez , petitioner was not charged with a single crime that could be committed in alternative ways. To the contrary, the underlying offenses with which petitioner was charged-attempted robbery and completed robbery-are different crimes, either of which could qualify as predicate offenses for a felony murder conviction.
*447 Similarly, the superintendent's reliance on State v. Avritt , 175 Or. App. 137, 28 P.3d 642 (2001), rev. den. , 333 Or. 400, 42 P.3d 1244 (2002), is misplaced. In that case, the state conceded that an underlying felony had to merge with a felony murder conviction because "the trial court specifically instructed the jury that it could not find defendant guilty of attempted aggravated murder unless it first found him guilty of the completed crime of burglary." Id. at 140, 28 P.3d 642. In accepting the state's concession, the court in Avritt did not consider whether a completed felony merges with attempted aggravated felony murder in the absence of such an instruction. Accordingly, Avritt does not inform our decision here.[7]
The superintendent further contends that, because defendant's primary offense was attempted aggravated felony murder-meaning that defendant "intentionally engage[d] in conduct which constitute[d] a substantial step toward commission of" aggravated felony murder, ORS 161.405(1) -it did not require proof that defendant committed the underlying felony. That argument, however, conflates the issue whether an aggravated felony murder was attempted or completed, with the issue whether the underlying felony was attempted or completed. Again, aggravated felony murder consists of felony murder, as defined by ORS 163.115(1)(b), and personal and intentional commission of the homicide. To commit felony murder, an offender must "cause[ ] the death of a person." ORS 163.115(1)(b). To commit attempted felony murder, the offender therefore must attempt to cause the death of a person, not attempt to commit an underlying felony offense. As I see it, whether the murder was attempted or completed has no bearing on whether the underlying felony was attempted or completed, and vice versa .
Under the general rule, which requires comparison of the statutory elements of each offense, the question is whether first-degree robbery "has no elements not also present in [attempted aggravated murder], even though the latter has additional elements not present in the former." Tucker , 315 Or. at 331, 845 P.2d 904. The statutory elements of first-degree *448 robbery are set out in ORS 164.415 : the defendant violates ORS 164.395[8] and is armed with a deadly weapon; uses or attempts to use a dangerous weapon; or causes or attempts to cause serious physical injury to any person. The statutory elements of attempted aggravated felony murder, ORS 163.095(2)(d), are that the defendant (1) attempted to (2) personally and intentionally commit the homicide (3) under the circumstances of felony murder as defined in ORS 163.115(1)(b). A homicide constitutes felony murder under ORS 163.115(1)(b) :
*984 "When it is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit any of the following crimes and in the course of and in furtherance of and in furtherance of the crime the person is committing or attempting to commit , or during the immediate flight therefrom, the person, or another participant if there be any, causes the death of a person other than one of the participants:
" * * * * *
"(G) Robbery in the first degree as defined in ORS 164.415. "
(Emphases added.) In short, first-degree robbery requires proof of all the elements set out in ORS 164.415. Likewise, attempted aggravated felony murder requires such proof because it includes the statutory element of felony murder, ORS 163.115(1)(b), which is defined to include "the following crimes," among which is "[r]obbery in the first degree as defined in ORS 164.415."
ORS 161.067(1) expressly provides that, to preclude merger, each statutory provision must require proof *449 of an element that the other does not. Accordingly, there is no need to reach the second question-whether attempted aggravated felony murder requires proof of an element that first-degree robbery does not. Once the court concludes that one of the provisions does not require proof of an element that the other does not, the analysis ends and the crimes merge.
One perplexing question remains: If Wilson only considered the statutory elements of the completed underlying felonies and attempted aggravated felony murder, how could the court in that case conclude that the offenses did not merge? Beyond its reliance on Barrett , in Wilson , the court held that ORS 161.067(1) precluded merger of kidnapping and assault offenses into associated attempted aggravated felony murder offenses, because the former offenses "require proof of the completed crimes of kidnapping and assault" whereas "attempted aggravated murder, under any theory, does not require such proof." Id. at 236, 173 P.3d 150. In so concluding, the court correctly understood that attempted felonies, as well as completed ones, can be predicate offenses for an aggravated felony murder conviction. ORS 163.115 (1)(b) (a person commits felony murder when it is in the course of "committing or attempting to commit" one of the listed felonies). However, the theoretical possibility that attempted aggravated felony murder could have been proved by establishing an attempted felony rather than a completed felony does not alter the fact that, where a completed predicate felony is proved, it has no element that it is not subsumed in an attempted aggravated felony murder conviction based on that completed felony.[9] Stated differently, the fact that the indictment permitted the possibility of a conviction for a different predicate felony did not make that charge relevant to the merger analysis where petitioner was not *450 actually convicted of it. Not to put too fine a point on it, it is only the provisions that petitioner's conduct was adjudicated to have "violated" that count in determining whether separate convictions are required under ORS 161.067(1). With respect, the court in Wilson was mistaken in appearing to conclude otherwise.
It follows that, Wilson notwithstanding, the sentencing court in petitioner's criminal case should have merged petitioner's conviction for the lesser included underlying felony, first-degree robbery, with his conviction for the primary offense, attempted aggravated felony murder. Insofar as its grant of summary judgment to the superintendent was based on a contrary conclusion, in my view the post-conviction court erred.
*985 I also agree with petitioner that there was evidence sufficient to withstand summary judgment that he suffered a substantial violation of his right to adequate assistance of counsel under Article I, section 11, of the Oregon Constitution, when his trial counsel did not object to the trial court's failure to merge petitioner's sentence for first-degree robbery and attempted aggravated felony murder. See Bumgarner v. Nooth , 254 Or. App. 86, 97, 295 P.3d 52 (2012) (concluding that post-conviction relief was appropriate where reasonable counsel would have understood that merger of convictions was "an unsettled area of the law" and raising the issue was likely to be beneficial to the petitioner). Therefore, I would conclude that the post-conviction court erred in granting the superintendent's motion for summary judgment.
For the foregoing reasons, I respectfully dissent.

As the court explained in Barrett ,
"[a]fter the Court of Appeals issued its decision in this case, the legislature repealed ORS 161.062. Or. Laws 1999, ch. 136, § 1. The first sentence of former ORS 161.062(1), which is at issue in this case, appears in identical form in ORS 161.067(1). Both former ORS 161.062 and ORS 161.067 became law in 1985. As this court explained in State v. Crotsley , 308 Or. 272, 276 n. 3, 779 P.2d 600 (1989), both statutes began as identically worded proposals which, in effect, were enacted twice, one in an amended legislative version, former ORS 161.062, and, later, one in an unamended initiative version, ORS 161.067. ORS 161.067 remains in effect. Throughout this opinion, we refer to former ORS 161.062."
Id . at 29 n. 1, 10 P.3d 901.

See State v. Pipkin , 354 Or. 513, 519, 316 P.3d 255 (2013) (stating, in context of jury concurrence instruction issue, "[a]s we read [State v. Boots , 308 Or. 371, 780 P.2d 725 (1989) ], the court concluded that, as a matter of legislative intent, each of the 17 aggravating circumstances was a separate element").

In Reynolds , the court examined the historical development of felony murder and aggravated felony murder under the Criminal Code:
"Felony murder under the 1971 Criminal Code remained unchanged until the enactment in 1977 of the aggravated murder statute (ORS 163.095(2)(d). Or. Laws 1977, ch. 370, § 1. Under the 1971 Criminal Code, all participants in a felony were culpable for felony murder regardless of who may have caused the death. For example, if two armed men rob a store and one robber kills the store clerk, then under the 1971 Criminal Code and ORS 163.115, both robbers would be guilty of the felony murder. However, ORS 163.095(2)(d), enacted in 1977, now differentiates between the robber who personally committed the homicide and the robber who merely participated in the felony. ORS 163.095(2)(d) enhances the penalty for the participant who personally committed the homicide by requiring 20 years' imprisonment before parole may be considered."
289 Or. at 539, 614 P.2d 1158.

As discussed, the issue on review in Barrett was whether "a sentencing court may impose multiple life sentences on [the] defendant for the aggravated murder of one victim." Barrett , 331 Or. at 29, 10 P.3d 901. Having answered that question in the negative, the court's corollary mission was to explain what its conclusion meant for purposes of verdict and jury concurrence requirements. In contrast, the court was not presented with the question whether the defendant's convictions for the underlying felony and aggravated felony murder must merge. Perhaps that explains why the court failed to address pertinent case law as part of a thorough statutory construction analysis before opining in dictum that an underlying felony is an aggravating circumstance, not an element, of aggravated felony murder.

It is undisputed that the same conduct formed the basis for petitioner's attempted aggravated murder and first-degree robbery convictions and that that conduct violated two different statutory provisions.

Notably, the superintendent's position conflicts with the state's position in another appeal recently briefed in this court:
"[I]t is well established that, as a general rule, when a defendant * * * is charged with aggravated felony murder under ORS 163.095(2)(d) (or felony murder under ORS 163.115(1)(b) ) and is also charged in a stand-alone count with the same felony offense that is alleged as the basis for the felony-murder charge, and he is found guilty on both counts, the guilty verdict on the felony count must be merged-as a matter of law under ORS 161.067(1) -into the conviction on the felony-murder charge. See, e.g. , State v. Ventris , 337 Or. 283, 96 P.3d 815 (2004) (separate conviction for burglary properly merged into conviction for felony murder based on burglary); [State v. ] Lopez-Delgado , [223 Or. App. 752, 756, 196 P.3d 104 (2008) ] (same). That is, in the usual case , a guilty verdict on the stand-alone charge of first-degree burglary must be merged into a conviction on a charge of felony murder that alleged that same burglary offense as the basis for the charge and, similarly, a guilty verdict on a stand-alone charge of robbery must be merged into a conviction on a charge of felony murder that alleged that same robbery offense as the basis for the charge (which might be labeled vertical merger)."
Respondent's Combined Answering Brief and Cross-Opening Brief at 14-15, State v. Surls (CA A162003) (Emphasis in original.). Under that formulation, I do not see how petitioner's convictions here would fail to merge.

Indeed, in both Barrett and Wilson , the courts did not look beyond the statutory elements of the offenses in conducting their merger analyses.

ORS 164.395 provides:
"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:
"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or
"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.
"(2) Robbery in the third degree is a Class C felony."

Ironically, if petitioner had been convicted of attempted robbery, under Wilson 's conception of merger, that conviction arguably would merge into a companion conviction for attempted aggravated felony murder because the latter offense does require, at the least, an attempt to commit a predicate qualifying felony. That reasoning leads to an unlikely effect: Two offenses that, by statute, are both qualifying predicate offenses for attempted felony murder; where one would merge with the primary offense, but the other would not. Even in Barrett , the court did not go as far as to preclude merger of an underlying felony with aggravated felony murder on the ground that the latter, theoretically , could be proved by establishing an attempted, rather than a completed felony.