Argued and submitted October 12, 2001, reversed and remanded for new trial
March 20, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## JEANICE DIANE BRUNING,
*Appellant.*

98CR0708FE; A104853

42 P3d 365

Trina D. Kolen argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Wollheim, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant appeals her convictions for multiple crimes arising out of her care-giving relationship with an elderly woman. She argues, among other things, that the trial court erred in denying her motion to sever the charges for trial and in denying her the right to waive a jury trial as to some of the charges. We reverse and remand for a new trial.

Defendant was charged by a multiple-count indictment that combined counts of criminal mistreatment, theft, and unauthorized use of a vehicle (counts 1-16) with counts of being a felon in possession of a firearm (counts 17-26). Before trial, she moved to sever some of the charges for trial. She represented to the court that she did not intend to testify at trial regarding the charges in counts 1-16. In her view, if all the charges were tried together, the evidence of her felony conviction, which was admissible for purposes of the charges in counts 17-26, would unfairly prejudice her right to a fair trial on counts 1-16. She offered two alternatives to the court in order to satisfy her concern. She first asked the court to consider severing the charges into separate trials: those in which the felony conviction was admissible and those in which it was not. The court denied her motion, holding that the evidence was intertwined and that judicial economy would not be served by severance.

Defendant then moved orally to waive a jury trial as to counts 17-26 and suggested that the court could hear the evidence as to those counts at the same time that the jury was hearing the evidence. Under her proposal, after the jury retired to deliberate on the other counts, the state could offer evidence of the felony conviction and those counts would be submitted to the trial court as the trier of fact. The trial court appeared open to defendant's suggestion and stated that it would consider her second proposal at an omnibus hearing at which she could tender a written waiver of a jury trial. However, the state objected to the waiver of a jury trial under ORS 136.001 and demanded a jury trial on all counts.[1]

---

[1] ORS 136.001 provides, in part:

"The defendant and the state in all criminal prosecutions have the right to public trial by an impartial jury."

The court ruled, "I agree with [defendant] completely that it would certainly make things simpler but I think the [state] ha[s] an absolute right and so regardless of how we would like to do it I think they could insist on it[.]" As a result, all of the charges were tried to a jury, which heard the evidence of defendant's felony conviction. The jury convicted defendant on 22 counts,[2] and she appeals, assigning error to the trial court's refusal both to sever the charges for trial and to accept her waiver of a jury.[3]

While the appeal was pending, the Supreme Court held that the portion of ORS 136.001, granting the state the right to demand a jury trial, infringed on a defendant's right to waive a jury, as provided in Article I, section 11, of the Oregon Constitution. *State v. Baker*, 328 Or 355, 976 P2d 1132 (1999). Thus, the trial court's reliance on ORS 136.001, while permissible under the statute, constituted an unconstitutional denial of defendant's right to waive a jury trial.

The state argues that defendant did not tender a written waiver of a jury trial, that defendant was not prejudiced by the evidence of the felony conviction, and that defendant has no constitutional right to waive a jury trial on only some of the charges. After *Baker* declared ORS 136.001 unconstitutional, we have decided other cases similar to this one. For example, in *State v. Maddox*, 165 Or App 573, 997 P2d 276, *rev den* 331 Or 244 (2000), we reversed the defendant's convictions and remanded for a new trial after responding to similar arguments made by the state. Here, as in *Maddox*, the tender of a written waiver would have been futile in light of the trial court's pretrial ruling.

Also, the state argued in *Maddox* that the trial court still had discretion under Article I, section 11, not to accept defendant's request for a trial to the court. We rejected that argument because the trial court never exercised its discretion, which is also what happened here. We do not know whether the trial court would have ultimately accepted

---

[2] Defendant was acquitted on counts 7 and 13, and counts 22 and 25 were not submitted to the jury.

[3] Defendant also raises several challenges to the sentences imposed, which we do not resolve here because of our disposition of the jury waiver issue.

defendant's suggestion or not. What we do know from the record is that ORS 136.001, a constitutional nullity, drove the trial court's decision to deny defendant's request.

█ Finally, the state argued in *Maddox* that the defendant had not shown any prejudice from the denial of a court trial. In response, we reasoned that: "If the involuntary waiver of a constitutional right is inherently prejudicial, *a fortiori*, then the compelled waiver of the constitutional right to request a court trial must also be inherently prejudicial." *Id.* at 577. Our reasoning in *Maddox* also answers the state's "no prejudice" argument in this case. Because the trial court's ruling was inherently prejudicial, defendant's convictions on counts 17-21, 23, 24, and 26 must be reversed.

█ The parties disagree about whether the convictions on counts 1-6, 8-12, and 14-15 are affected by the fact that defendant was not allowed to waive a jury on counts 17-26. The state argues that, because defendant had already been told that she would not get a severance, and because the trial court could have exercised its discretion and not consented to the jury waiver, the trial court's error is harmless. Defendant argues that, because the denial of her jury waiver caused the jury to hear about her prior conviction, all of her convictions are tainted by that evidence and should be reversed.

When it ruled erroneously on the jury waiver issue, the trial court had already ruled that the charges would not be severed for trial. Arguably, then, if the trial court had not consented to defendant's waiver of a jury trial, and had also continued to deny the severance motion, the trial would have occurred on the same evidentiary record that was made in this trial.[4] It follows that, whether defendant was prejudiced by the trial court's reliance on ORS 136.001 as to defendant's convictions on counts 1-16 depends on whether the trial court properly ruled on the motion to sever.

---

[4] When the court ultimately ruled that it would not allow defendant to waive a jury trial, defendant requested a limitation on the amount of information the jury would receive about the prior conviction. The parties eventually agreed on a stipulation giving the jury only the date and case number of the prior conviction and not the name or nature of the crime. We do not view defense counsel's suggestion about how to limit the prejudice as a waiver or abandonment of her position that the trial court should have granted the motion to sever.

ORS 132.560 (1997), the statute governing defendant's motion to sever, provides, in part:

"(1)   A charging instrument must charge but one offense, and in one form only, except that:

"(a)   Where the offense may be committed by the use of different means, the charging instrument may allege the means in the alternative.

"(b)   Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A)   Of the same or similar character;

"(B)   Based on the same act or transaction; or

"(C)   Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"* * * * *

"(3)   If it appears, upon motion, that the state or defendant is prejudiced[5] by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."

In this case, the trial court clearly engaged in the analysis required by ORS 132.560(1) when it held that "all of these [charges] are integrally relating to each other." That ruling is tantamount to a holding that it was permissible under subsection (1) for the state to have consolidated the charges under a single charging instrument. Defendant's motion to sever the charges for trial also required the trial court to engage in an analysis under subsection (3) of the statute. Upon motion, a court must also decide whether a defendant is "prejudiced" by the joinder. If it is, the court "may order an election or separate trials of counts or provide whatever other relief justice requires." ORS 132.560(3).

---

[5] This statute was amended in 1999 to add the word "substantially" prejudiced. This case was tried and defendant was convicted before the statute was amended. Thus, the proper inquiry is under ORS 132.560(3) (1997).

"Prejudice" in the context of ORS 132.560(3) (1997)

"focuses the court's analysis on *any* circumstance resulting from the joinder of offenses that harms the moving party's right to a fair trial, such as, for example, [the] defendant's claim that joinder would deprive him of the protection in the Oregon Evidence Code against the admission of evidence." *State v. Miller*, 327 Or 622, 633, 969 P2d 1006 (1998) (emphasis in original).[6]

Because we cannot determine from the record whether the trial court engaged in an analysis of prejudice under the statute, we cannot review its ruling on the motion to sever. It could be argued that, by denying the motion, the trial court implicitly determined that defendant was not prejudiced by the admission of the evidence of her prior felony conviction, even though it offered no explanation under subsection (3). However, defendant represented to the trial court at the hearing on the motion to sever that she did not intend to testify at trial as to counts 1-16, and, in fact, she did not testify as to those charges. Consequently, the admissibility of the evidence of her prior conviction may be limited by the provisions of OEC 404 and OEC 609.[7] Moreover, the tenor of the trial court's ruling at the hearing on the motion to sever was in the nature of a preliminary ruling, in which it reserved the right to change its decision at a subsequent omnibus hearing. It appears that, after the state asserted its right to a jury trial under ORS 136.001, defendant's motion to sever became moot in the mind of the court. We do not know how the trial court would have ruled on the issue of prejudice, had it known that ORS 136.001 is unconstitutional. Ultimately, we must agree with defendant that the state's insistence on a jury trial infected the trial court's determination not only on the jury waiver issue but also on the motion to sever. In that light, reversal on all convictions is required. On remand, the trial court must make a determination under ORS 132.560(3)

---

[6] *See also State v. Eusted*, 12 Or App 351, 355, 507 P2d 60 (1973) (holding that a defendant's desire to testify as to one charge, but not to another, was a valid reason for severance).

[7] OEC 404 governs the admissibility of evidence of other crimes, wrongs, or acts. OEC 609 provides for the impeachment of the credibility of a witness under certain circumstances by evidence of the conviction of a crime.

as well as a determination whether it will consent to defendant's request for a trial to the court on counts 17-21, 23-24, and 26. Only in that way will defendant be afforded a trial that comports with the relevant statutory requirements and the constitution.

Defendant's other assignments of error pertain to alleged sentencing errors based on sentences which may not be imposed again on remand, so we do not address those assignments.

Reversed and remanded for new trial.