Argued and submitted March 10, conviction for reckless driving vacated and remanded; otherwise affirmed September 30, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN A. AUSTIN,
*Defendant-Appellant.*

Douglas County Circuit Court
11CR1351MI; A154061

360 P3d 603

Rond Chananudech, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

DEVORE, J.

**DEVORE, J.**

Defendant appeals a judgment of conviction for reckless driving, ORS 811.140, and driving under the influence of intoxicants (DUII), ORS 813.010.[1] Defendant assigns error to the trial court's refusal to consent to defendant's selective waiver of a jury trial on the reckless driving charge. Seeking reversal as to both charges, defendant argues that the court's refusal was a violation of Article I, section 11, of the Oregon Constitution.[2] We vacate and remand the judgment as to the conviction for reckless driving so that the trial court may reconsider whether to consent in light of the standards elucidated in an intervening decision, *State v. Harrell/Wilson*, 353 Or 247, 297 P3d 461 (2013). Otherwise, we affirm.

## I. BACKGROUND

The facts that are material to the waiver issue are undisputed. We first recount trial testimony about the facts giving rise to the charges and then recount the pretrial proceedings giving rise to the appeal.

Oregon State Trooper Ledbetter responded to a 9-1-1 call reporting a disabled vehicle on the shoulder of I-5.

---

[1] In relevant part, ORS 813.010 provides:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a) Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150;

"(b) Is under the influence of intoxicating liquor, a controlled substance or an inhalant; or

"(c) Is under the influence of any combination of intoxicating liquor, an inhalant and a controlled substance."

ORS 811.140 provides:

"(1) A person commits the offense of reckless driving if the person recklessly drives a vehicle upon a highway or other premises described in this section in a manner that endangers the safety of persons or property.

"(2) The use of the term 'recklessly' in this section is as defined in ORS 161.085.

"(3) The offense described in this section, reckless driving, is a Class A misdemeanor and is applicable upon any premises open to the public."

[2] Article I, section 11, provides, in part, that criminal defendants "in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone[.]"

The caller had seen defendant standing outside of his truck, "staggering around" and "waving his hands above his head *** motioning at cars like he needed help." The caller had stopped, spoken with defendant, and concluded that defendant was intoxicated and out of gas.[3] Ledbetter arrived at the scene to find defendant asleep in his truck. The trooper smelled an "overwhelming odor" of alcohol emanating from the truck's interior. He saw an open can of beer sitting in the center console, several unopened beer cans on the passenger-side floorboard, and a marijuana pipe on the passenger-side seat. Ledbetter woke defendant. Defendant was disoriented, unsteady, and unable to safely perform field sobriety tests. Ledbetter arrested defendant for DUII. Defendant made a number of incriminating statements, including an admission that he had started drinking at home before driving.[4] He consented to a breath test, and it indicated that his blood-alcohol content was 0.24 percent. Defendant was charged with DUII and reckless driving.

Defendant's account at trial differed in a critical way: He contended that his intoxication *followed* his driving. His witnesses testified that he had been working most of the day; that, at home after work, he had an argument with his wife; and that he was not drinking or intoxicated during any of that time. Defendant testified that he left his house, ran out of gas on the highway, smoked medical marijuana, drank several beers, and threw the empty cans out of the passenger-side window.

Before the trial, defendant filed a motion seeking the court's consent to his waiver of his right to a jury on the reckless driving count. He explained that the only practical difference between the two charges in this case, assuming DUII was proved, was the culpable mental state of recklessness, necessary as an element of reckless driving. To prove recklessness, the state would offer evidence of his prior

---

[3] The witness testified that defendant told her that he had been out "partying" and that his truck had run out of gas. She testified that defendant had offered her 20 dollars in cash to get gas for him. She declined and dialed 9-1-1.

[4] Defendant's statements were recorded and submitted as evidence at trial. Defendant testified that his statements were not acknowledgments that he had driven while intoxicated. He offered alternative explanations as to what he had intended to convey to Ledbetter.

participation in a DUII diversion program. That proof would not be relevant to the pending DUII charge. Defendant contended that the jury was likely to be confused by the limited applicability of such evidence. Defendant suggested that the court and jury could hear all the same evidence on the DUII charge, and, thereafter, the court would hear—outside the presence of the jury—a brief amount of added testimony on recklessness, involving the prior diversion program.

The prosecutor opposed defendant's motion, asking that the "jury be allowed to decide all counts." She offered several reasons, one which involved the efficiency of the proceedings and two which involved the state's desire for a jury. One reason would prove to be a permissible consideration, and two reasons would prove to be doubtful considerations in light of an appellate decision soon to be issued. The prosecutor offered that it would "be awkward" to have the jury leave while some of the evidence was presented to the court alone. The prosecutor also argued that the charges presented "a community standards type of question" and that the jury would be better positioned to hear the case than "one person sitting as a judge." Lastly, the prosecutor argued that it is the state's "ability to present [its] case however [it] want[s] to." She objected "to basically being forced to decide how to create a special way of presenting evidence."

Without stating a reason or making findings, the court ruled that it would exercise its discretion to refuse to consent to defendant's waiver of a jury trial.

At trial, the court admitted as evidence defendant's diversion agreement stemming from a DUII charge in 2007. The state also called a witness, Jacinto, to prove defendant's attendance at a presentation in a court-ordered diversion program. Jacinto had led a victim-impact panel since 1994. He testified that the panel's purpose is "an attempt to give people enough ammunition so that they never ever get in the automobile again [while] under the influence of drugs or alcohol." His intent is "to convince [people] in an hour and a half to change their lives and their ways associated with drugs and alcohol and driving." Jacinto said that the panels include individuals, such as himself, who have "lost a loved one to *** a drunk driving crash." He elaborated, saying

that his mother was a casualty of a drunk-driving collision and that his "wife has permanent brain damage as a result of a crash with a drunk driver." He confirmed that, under court order, defendant had attended such a presentation in Lincoln County.

At the close of trial, the court gave the jury the following limiting instruction:

> "In this case the state has offered evidence that the defendant in a prior case participated in a \*\*\* [DUII] diversion program. You may consider the diversion only for its bearing, if any, on establishing the defendant's mental state of recklessness in the Reckless Driving charge.
>
> "Specifically, the state has offered the evidence to prove that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk that a particular result would occur or that a circumstance existed.
>
> "You may not use this evidence for the purpose of drawing the inference that because the defendant participated in the diversion program that the defendant may be guilty of driving under the influence of intoxicants in this case."

The jury found defendant guilty on both counts.

The day after defendant's trial, the Supreme Court published its opinion in *Harrell/Wilson*, a case addressing a defendant's right to waive a jury trial and a court's consent to waiver under Article I, section 11. 353 Or 247.

On appeal, defendant assigns error to the trial court's ruling denying consent to his waiver of a jury trial on the reckless driving count. He argues that the trial court's denial was not a permissible exercise of its discretion because the court did not express or exercise its discretion on a basis permitted by *Harrell/Wilson*. Indeed, defendant contends that the record "provides no basis for the trial court to deny defendant's request." The state agrees only in part. The state concedes that "this court should reverse and remand defendant's conviction for reckless driving, [to allow the trial court] to reconsider defendant's jury waiver in accordance with *Harrell/Wilson*." The state contends, however, that the trial court could still find a basis to decline consent.

Defendant also urges this court to reverse and remand his DUII conviction, arguing that the evidence of his participation in the DUII diversion program "would have been inadmissible and irrelevant to the DUII offense," that the evidence was likely to have affected the verdict on the DUII charge, and that the effect of the evidence was not harmless error. *See State v. Davis*, 336 Or 19, 30-31, 77 P3d 1111 (2003) (error is harmless if little likelihood that the error affected the verdict). The state responds that the DUII conviction should be unaffected and that we should reverse and remand only with regard to the reckless driving conviction. The state reasons that reversal and remand as to the DUII charge would be warranted only if defendant would have been entitled as a matter of law to have prevailed on a motion to sever the charges under ORS 132.560(3).[5] The state concludes that, because defendant would not have been entitled to severance, the conviction as to the DUII charge is not implicated.

We review for an abuse of discretion whether the trial court erred in denying consent to defendant's right to waive a jury. *State v. Baker*, 328 Or 355, 364, 976 P2d 1132 (1999). Resolution of this case requires that we address the principal and secondary questions: (1) whether the trial court abused its discretion in light of *Harrell/Wilson* by denying defendant's request to waive a jury trial, and (2) whether defendant's conviction on the DUII charge should be reexamined if the trial court improperly denied consent to waiver of a jury on the count of reckless driving. We take each question in turn.

## II. WAIVER OF JURY TRIAL

We vacate and remand as to the reckless driving conviction because we cannot discern from the record that the trial court's refusal to consent to defendant's waiver of a jury was within the bounds of discretion described in *Harrell/Wilson*. The state concedes as much. In *Harrell/Wilson*, the court held, "Under the Oregon Constitution, criminal defendants possess both the right to be tried by

---

[5] Severance of charges could occur if the court found that defendant was substantially prejudiced by the joinder of charges. ORS 132.560(3).

a jury *and* the concomitant right—albeit bounded by judicial consent—to waive that jury trial guarantee in favor of a bench trial." *Harrell/Wilson*, 353 Or at 252 (emphasis in original). This is no minor matter. Rather, "in Oregon, the ability to waive trial by jury is a constitutional right that belongs to the individual who wishes to exercise it." *Id.* at 263.

The state does not have a right to insist upon a jury trial. *Baker*, 328 Or at 360 (ORS 136.001 unconstitutional insofar as providing state the right to insist upon a jury despite a criminal defendant's waiver). The need for the court's consent to waiver does not create the opportunity to indulge the prosecutor's plain preference for a jury or the prosecutor's desire to control the sequence of evidence as the prosecutor sees fit. Instead, the court's discretion to consent is exercised to "take care to ensure that the waiver is not 'the product of duress or misrepresentation.'" *Harrell/Wilson*, 353 Or at 263 (quoting *Huffman v. Alexander*, 197 Or 283, 322, 251 P2d 87 (1952)). In part, the consent requirement is to protect the defendant by assuring that waiver is voluntary and "'understandingly made with knowledge by the party of his [or her] rights.'" *Id.* (quoting *Huffman*, 197 Or at 322)). And, at the same time, the consent question permits the court to exercise its discretion with consideration of judicial economy. *Id.* at 264.

Although a prosecutor may express "a preference" in favor or in opposition to defendant's waiver, a court considers and weighs "a prosecutor's 'preference'" when it is couched in terms of "promoting judicial economy and seeking justice." *Id.* at 261. All things considered, the paramount consideration remains whether a bench trial will "fully protect a defendant's rights[.]" *Id.* The exercise of discretion is not a matter of the prosecutor's strategy, nor "the trial court's purely subjective predilections." *Id.* at 264.

Those general statements become clearer when illustrated by the facts in *Harrell*, one of the two cases consolidated for decision in *Harrell/Wilson*. In that case, the defendant was involved in a fight outside a bar and was charged with multiple counts of assault, attempted assault, and unlawful use of a weapon. *Id.* at 249. The charges were

tried before a jury. During the deliberations, the jurors submitted a question that, in the defendant's view, "demonstrated that the jury was 'hopelessly confused' in its application of the law to the evidence before it." *Id*. at 264. As a consequence, the defendant offered a waiver of jury trial and sought the court's consent. The court doubted that defendant could waive a jury during deliberations and indicated that the court would consent to the jury waiver only if the prosecutor agreed to it. *Id*. Because the prosecutor opposed waiver, the court denied consent. Before the judgment was entered, the defendant renewed the issue, moving for reconsideration of the court's denial. The trial court again declined. The court seemed to suggest that "the prosecutor had a veto power over defendant's waiver decision." *Id*. The trial court explained that, even if it had discretion, it would still not grant the defendant's request as a result of

> "the lateness of the motion; the prosecutor's concerns and objection; the fact that, had the judge sat through the trial as the factfinder, he would have had a greater focus on the factual evidence and would have taken more notes; and that he had a particular familiarity with a 'close witness' for the defense which [the court] believed could 'be perceived as having some influence on [the] decision.'"

*Id*. at 265.[6]

On review, the Supreme Court was uncertain that the trial court's reasons were within the bounds of its discretion. The court observed that the trial court's ruling may have been predicated on the judge's belief that he wholly lacked authority to exercise discretion or that consent to the waiver required prosecutorial approval. The court concluded that, because the basis of the trial court's refusal was uncertain, the "best course is to remand to the trial court to reconsider defendant's jury trial waiver" in accordance with the opinion.[7] *Id*.

---

[6] In the event that he erred in denying consent, the trial judge had submitted his own sealed verdict. It indicated that the court would have acquitted defendant on all eight counts. The jury convicted defendant on two counts of second-degree assault and acquitted him on the remaining charges. *Id*. at 250-51.

[7] The court directed that, if the trial court determined that consent to defendant's waiver should have been given, then the trial court should order reversal of the convictions and enter a judgment of acquittal on all counts—consistent with the court's own prior, sealed tentative verdict. 353 Or at 266.

This case presents the same problem. The trial court did not express findings or its reasons to refuse consent to defendant's waiver of a jury trial. The record reveals that the prosecutor urged denial of consent for two of the three reasons suspect under *Harrell/Wilson*. The prosecutor suggested that it would "be awkward" to ask the jury to leave for a portion of the state's evidence. That concern is a matter directed to the economy of judicial proceedings and, as such, is a legitimate concern. However, the prosecutor urged that the case involved a community standard that the jury would be able to assess better than the trial judge. Defendant rightly questioned that idea. Put in other words, the prosecutor simply preferred a jury. The preference, however, is the defendant's prerogative, not the prosecutor's prerogative. *Baker*, 328 Or at 364. Finally, the prosecutor believed that the state had a right to present its case in the manner of its choosing and that excusing the jury would interfere with the state's desired presentation. Those arguments have little to do with considerations of speed, judicial economy, or the protection of defendant's constitutional rights. *Harrell/Wilson*, 353 Or at 264.

In the end, the record does not reflect a basis for the trial court's refusal to consent to defendant's waiver of a jury. As in *Harrell/Wilson*, we cannot know that the court acted within the bounds of discretion. The court may have acted on one of the impermissible bases urged. Therefore, we remand for the trial court to evaluate defendant's waiver "taking into account considerations of speed, economy," the prosecutor's preference in those terms, "and the continued protection of the defendant's rights."[8] *Id*.

## III. DISPOSITION OF DUII CHARGE

We turn to whether defendant's conviction on the DUII count should be reversed and remanded by reason of having been tried jointly to the jury with the additional evidence relating to reckless driving—the potentially

---

[8] In *Harrell/Wilson*, the court observed that, "[a]lthough those are the primary considerations," it did not "foreclose on the possibility that other considerations might arise in an individual case." 353 Or at 264. Likewise, our opinion should not be construed as precluding the trial court from weighing other, consistent considerations.

prejudicial evidence of an earlier DUII diversion agreement and attendance at a presentation of a victim impact panel. The parties suggest differing tests with differing outcomes.[9]

Although defendant filed no motion to sever trial of the charges, the state analogizes to the test for considering a motion to sever the trial of charges, urging that defendant suffered no "substantial prejudice" by trying both charges together, so the DUII conviction should be affirmed. *See* ORS 132.560(3) ("If it appears, upon motion, that the state or defendant is substantially prejudiced by a joinder of offenses * * * the court may order an election or separate trials of counts or provide whatever other relief justice requires.").[10]

Defendant contends that, because the jury heard evidence irrelevant and inadmissible as to the DUII charge, our analogy should be to the test for determining whether evidentiary error is harmless error. Defendant urges that the added evidence, needed for proof of recklessness, cannot be said to be harmless; it cannot be said to have little likelihood of affecting the DUII verdict. Accordingly, defendant concludes, the conviction as to the DUII charge should be reversed and a new trial be granted. *See Davis*, 336 Or at 33-35 (improper exclusion of evidence could not be said to have had little likelihood of affecting verdict).

Each party's analogy assumes a procedural premise that is different than a case in this unique posture. The state largely relies on *State v. Bruning*, 180 Or App 247, 42 P3d 365, *rev den*, 335 Or 114 (2002), for an argument that, because "substantial prejudice" is the test for severing trial

---

[9] Without saying so, the parties' arguments proceed from the assumption that, after remand of the reckless driving charge, the trial court would consent to waiver of a jury on the charge. The parties have not addressed the possibility that, upon remand, the trial court might find grounds to decline consent to waiver of a jury on the reckless driving charge, thus leaving the charges as having been tried jointly and without a defense motion to sever trial of the charges. Presumably, a justified refusal to consent to jury waiver would leave the outcome unchanged.

[10] Severance is ordinarily construed "as a remedy for prejudice that may develop" when offenses are joined for trial. *State v. Norkeveck*, 214 Or App 553, 560, 168 P3d 265 (2007), *rev den*, 344 Or 558 (2008).

of charges, such a test should determine whether there was any harm from failing to have separated, in a *de facto* fashion, the DUII charge from the reckless driving charge by means of a waiver of a jury on the latter charge.[11] *Bruning*, however, is not determinative because its posture was different.[12]

*Bruning* did not involve a situation in which only one ruling was made, declining consent to a jury waiver. *Bruning* did not decide that, when a defendant offers a selective waiver of the jury as to one charge, the disposition on appeal as to the other charge should be assessed, in effect, as a denial of a motion to sever. Unlike *Bruning*, the case at hand does not involve a denial of a motion to sever the trial of pending charges. This case does not ask whether there was a danger of "substantial prejudice" by refusing a motion to sever. Because *Bruning* did not answer the question presented here, the state's analogy is no answer.

Neither is defendant's analogy.[13] Although the trial of the two charges together allowed the jury to hear evidence of recklessness—proof of a defendant's DUII diversion agreement and attendance at a victim impact presentation—such added evidence was not admitted with regard to the DUII charge. There is no assignment of error regarding the erroneous admission of evidence. This situation, therefore, is not a case of evidentiary error in which we would test

---

[11] The state concludes that "[t]here was no substantial prejudice here, and thus, defendant is not entitled to reversal of his DUII conviction." The state does not cite, nor are we aware of, any other authority indicating that a substantial prejudice standard should apply to determine the disposition of a jury-tried charge when a trial court may have erred in consenting to waiver a jury.

[12] The *Bruning* defendant had first moved to sever the trial of charges, because some charges would permit proof of her prior felony conviction. When severance was denied, she then offered to waive a jury as to those charges permitting proof of the felony conviction. The trial court refused consent to waiver of the jury, potentially because the court suffered a misunderstanding that the prosecution had a right to insist on a jury trial. 180 Or App at 253. We concluded that "the state's insistence on a jury trial infected the trial court's determination not only on the jury waiver issue but also on the motion to sever." *Id.* The defendant assigned error both to the denial of severance and the refusal of consent. We reversed and remanded as to all charges because the trial court made two rulings, involving all charges, and both rulings were drawn into question.

[13] In pretrial consideration, the defendant did not oppose the state's motion *in limine* to allow proof of the prior DUII charge for the limited purpose of evidence of recklessness for the reckless driving charge.

whether there is little likelihood that such error affected the verdict. *See Davis,* 336 Or at 30-31 (employing such a standard). The disposition of the DUII charge is not a question of evidentiary or harmless error.

The better question is whether there could be any error at all—assuming that the trial court may grant consent to the waiver of a jury as to the reckless driving charge. We conclude that there would be none, in light of the limiting instruction that was given to the jury. The problem has already been avoided. At the conclusion of the evidence, the trial court instructed the jury that the evidence of defendant's participation in a DUII diversion program could be considered only with regard to the element of recklessness in the reckless driving offense. The court cautioned, "You may not use this evidence for the purpose of drawing the inference that because the defendant participated in the diversion program that the defendant may be guilty of driving under the influence of intoxicants in this case."

We must understand the instruction to be effective, notwithstanding defendant's reasonable concern. "Jurors are presumed to follow a trial court's instructions." *State v. Thompson,* 328 Or 248, 271, 971 P2d 879, *cert den,* 527 US 104 (1999). Certainly, jurors have been entrusted on many other occasions to follow a limiting instruction, to consider certain evidence for a narrow purpose, and to disregard that evidence with regard to other charges or claims. *See, e.g., State v. Leistiko,* 352 Or 172, 282 P3d 857, *adh'd to as modified on recons,* 352 Or 622, 292 P3d 522 (2012) (jury to consider limited purpose of evidence of prior bad act only after finding *actus reas* of charged act occurred); *State v. Barone,* 329 Or 210, 236, 986 P2d 5 (1999), *cert den,* 528 US 1086 (2000) (limiting instruction blunted any prejudicial effect of testimony).

Accordingly, the trial to the jury as to these two charges together does not compel that we reverse and remand the DUII charge, even if, with the trial court's consent, the reckless driving charge may turn out not to have been a jury matter. The conviction as to the DUII charge is not affected, due to the limiting instruction on evidence of recklessness.

## IV. CONCLUSION

We remand defendant's conviction as to the charge of reckless driving with instructions to reconsider defendant's jury trial waiver in accordance with *Harrell/Wilson*, 353 Or at 266. In the event the court declines consent to waiver of a jury on the charge of reckless driving, then the court will reinstate the judgment as to the charge of reckless driving. In the event that the court consents to waiver of the jury on the reckless driving charge, then the court will enter an order reversing the reckless driving conviction and granting defendant a new trial on that count.

Conviction for reckless driving vacated and remanded; otherwise affirmed.