SHORR, J.
*930 *229 Defendant appeals from a judgment of conviction for three counts of second-degree burglary, two counts of first-degree theft, and one count of second-degree criminal mischief, assigning error to the trial court's denial of his request to waive a jury trial.[1] For the reasons explained below, we reverse and remand.
The underlying facts are undisputed. Defendant was arrested and arraigned on charges of burglary, theft, and criminal mischief. Defendant was then conditionally released from custody. After he failed to appear at a subsequent hearing in this case, defendant was arrested on new charges. Defendant then personally appeared before the trial court in this case on March 17, 2017. During a plea hearing that occurred a few days later, defendant requested a jury trial. Trial was scheduled for May 2, 2017, with a trial readiness hearing scheduled for the preceding day. When defendant failed to appear at the trial readiness hearing on May 1, the court cancelled the jury trial. Later in the day on May 1, defendant was arrested on different charges, and the jury trial was reinstated for the following day.
On the scheduled day of trial, May 2, during discussion of pretrial matters with the court and before the jury was empaneled, defendant's counsel requested to waive defendant's right to a jury and asked that the case be tried to the court. Defendant was in custody and not present in the courtroom for that discussion. The prosecutor expressly took no position on defendant's request to waive a jury trial. The trial court denied defendant's request, explaining that it was doing so for three reasons. First, the trial court expressed concern about the "timing" of the request, coming on the morning of trial. Second, the court expressed an economic concern for the court having already incurred the cost for the jurors, stating that it would be "no more *230 economical" to cancel the jury at such a late hour. Third, the court expressed a belief that the jury would be able to fully protect defendant's rights, noting that, unlike the court, the jury was not aware of defendant's custody status and his prior criminal record. To these points, the trial court stated as follows:
"I'm aware of the cases that have come out the last couple years. And it is a discretionary call by the Court.
"I'm not going to allow the waiver of the jury trial. He apparently was here for the change of plea [hearing], he requested a jury trial. We've got jurors who are here, waiting. In fact, I brought in quite a number of jurors here in this case.
"The timing is a concern on my part-the waiver on the-on the morning when I have the jury already here. If I would have known about it last night, I could have at least called the jury off.
"The other thing that I factor in is this. I actually have done a little work on this case in terms of looking at the proceeding sheet, looking at the charging instrument. I know that he's in custody. I mean, I know all those things that a jury wouldn't know. A jury is not going to know that he's in custody.
"I know a little bit about his background. I guess I'm hearing now that he's got warrants outstanding, or-
"* * * * *
"*** all of this is just a concern that I, as a neutral factfinder, I'm not so sure I-you *931 know, I've got that information in my head."
After a recess, defendant was then brought into the courtroom, and the trial court again explained why it had decided to deny defendant's request to waive a jury trial. The court explained to defendant as follows:
"[T]here's some cases that [came] out in the last year or two from the Supreme Court which identifies some factors that I'm to consider. The * * * case, as I recall, is State v. Harrell . And one of the reasons that I'm not allowing a jury waiver is the timing of the waiver.
*231 "My notes show that you and [defense counsel] were in front of the court back in March of 2017. You requested a jury trial at that time. We actually brought the jury-we notified the juries last night-jurors last night to show up today. And I've got quite a number of citizens that are in the back room waiting to serve as a jury.
"And I wasn't aware that you wanted to waive a jury until about 45 minutes before 9:30. So, the timing of the waiver is a concern. If the waiver had occurred earlier, the court might well have considered and approved a waiver. So, that's one factor that I considered is that the timing of the waiver comes way too late.
"The other factor is, the state [does] not express-does not take a position here. That's a factor I can consider.
"The other factor that I was thinking about is it's certainly no more economical in this particular case, to waive a jury. The jury is here. They're going to get paid for being here today. We will still have to pay them for being here today, even if they don't do the trial.
"So, we don't-it's no more economical to waive a jury in terms of money outstanding paid to a jury.
"And more importantly, I'm convinced that a jury would fully protect your rights. They're not going to know anything about the fact that you're in custody. They're not going to know that. They're not going to know anything about the fact that you've got outstanding warrants; or, according to [defense counsel], maybe a bit on the lam or on the run for a while. They're not going to know about that.
"They're just going to know you're sitting there as a human being, dressed appropriately. And they just aren't going to know about that. So, I think that weighs in favor of the defendant, as opposed to what a judge might know about this case.
"So, for those reasons, I'm not going to allow waiver of jury."
Defendant's case was then tried to a jury. The jury found defendant guilty on all counts, and the trial court entered a judgment of conviction. Defendant now appeals that judgment, assigning error to the court's denial of his request to waive a jury trial. Defendant contends that the court abused *232 its discretion in denying the waiver because the court misapplied the relevant factors in reaching its decision.
Before reaching the merits of defendant's assignment of error, we address the state's contention that the error is unpreserved. The state asserts that the preservation doctrine prevents us from considering defendant's appeal because defendant did not object or make any further legal argument after the trial court denied his request to waive the jury. More specifically, the state contends that defendant did not alert the court that it had erred in weighing the relevant factors to be considered when determining whether defendant could waive his right to a jury trial. As a general rule, we will not consider a claim of error unless it was preserved in the trial court. State v. Wyatt , 331 Or. 335, 343, 15 P.3d 22 (2000) ; ORAP 5.45(1). To preserve an error for appeal, a party must have provided the trial court "with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." Wyatt , 331 Or. at 343, 15 P.3d 22.
The touchstone for determining whether a contention is adequately preserved is whether the policies that underlie the preservation requirement-giving the opposing party a fair opportunity to respond, fostering appellate review through full development of *932 the record, and giving the trial court the opportunity to fully consider and rule in the first instance-have been served in a particular case. State v. Parkins , 346 Or. 333, 340-41, 211 P.3d 262 (2009) ; Peeples v. Lampert , 345 Or. 209, 219-21, 191 P.3d 637 (2008). Those policies have been served in this case. The state took no position below on whether the court should have granted the jury waiver, and the factual record and the record of the trial court's reasoning is more than sufficient for our review. Cf. State v. Jones , 270 Or. App. 254, 257, 347 P.3d 346 (2015) (rejecting as unpreserved the defendant's argument that the trial court abused its discretion by not explaining its decision to refuse to consent to jury waiver when the record contained no explanation of the court's reasons and the defendant did not request an explanation). *233 The remaining policy consideration is whether the trial court had a fair opportunity to correct its alleged error. In arguing that this matter is unpreserved, the state primarily argues that the court did not have a fair opportunity to correct any error after it ruled. The state raises State v. Rumler , 199 Or. App. 32, 110 P.3d 115 (2005), for the proposition that a party can fail to preserve a claim of error when the party does not take issue with a trial court's reasoning or ruling after that ruling is announced. In Rumler , the state argued on appeal that the trial court erred in excluding certain evidence because the evidence was admissible as evidence of a "habit" ( OEC 406 ) or as a "past recollection recorded" ( OEC 803(5) ), but the state had advanced neither of those arguments to the trial court. Id. at 37-38, 110 P.3d 115. We held that the matter was unpreserved because, after the trial court ruled to exclude the evidence, the state did not object on either of the bases that it argued on appeal. Rumler is distinguishable from the present case.
Our holding in Rumler was based in part on our conclusion that there was "no doubt" that the trial court would be surprised to learn of the state's arguments on appeal and would feel "blindsided" by a reversal on those grounds. Id. at 41, 110 P.3d 115. Here, to the contrary, the trial court should not feel surprised to learn of defendant's contention on appeal. The trial court had a fair opportunity to, and in fact did, thoroughly consider the relevant law and explain its ruling under that law. See State v. Harrell/Wilson , 353 Or. 247, 263-64, 297 P.3d 461 (2013) (setting out factors for trial court to consider on a jury waiver request). On appeal, defendant's argument is that the trial court struck the wrong balance under Harrell/ Wilson when weighing the relevant factors that underlie the decision for a trial court to consent to a defendant's jury trial waiver, not that a different law or other factors apply that the court failed to consider. In contrast, in Rumler , the state sought reversal on appeal based upon sections of the evidence code that the trial court did not have in mind or have an opportunity to consider in its ruling because they were never raised or discussed in the trial court.
The state similarly relies on Wyatt , in which the Supreme Court held that the defendant's arguments on *234 appeal were unpreserved when the defendant failed to take issue with the trial court's ruling. 331 Or. at 343, 15 P.3d 22. There, the trial court determined that the defendant had committed a discovery violation by failing to include an expert witness on the defendant's witness list or otherwise inform the prosecutor that the defendant intended to call the witness at trial. Id. at 337-38, 15 P.3d 22. The trial court excluded the expert witness's testimony as a sanction for the discovery violation. After the court explained its decision to impose the sanction of exclusion, the defendant did not argue that no discovery violation had occurred, nor that the trial court was required to consider less onerous sanctions under ORS 135.865, although the defendant advanced those arguments on appeal. The defendant argued that the issues were preserved when the defendant opposed the state's motion to exclude the testimony and made an offer of proof as to the witness's testimony. The Supreme Court held that the defendant's objection and offer of proof were insufficient to preserve the issue because they did not adequately identify for the trial court the issue that the court erred in failing to consider the availability of a less onerous sanction. Id. at 343. Wyatt is distinguishable *933 from the instant case because, here, defendant's request for waiver of the jury identified the issue for the trial court with enough specificity for the court to cite and apply the relevant legal principles. For these reasons, we reject the state's reliance on Rumler and Wyatt .
The state's arguments essentially boil down to an assertion that defendant did not preserve the precise arguments that he raises on appeal regarding how the trial court weighed the relevant factors, because once the court had ruled, defendant did not object or make any further legal argument. However, "[o]nce a court has ruled, a party is generally not obligated to renew his or her contentions in order to preserve them for the purposes of appeal." State v. Walker , 350 Or. 540, 550, 258 P.3d 1228 (2011). In Rumler and Wyatt , the contentions that the defendants raised on appeal had never been presented to the trial court. In contrast, here, defendant raised his contention when he initially requested to waive the jury. The trial court then proceeded to rule based on its weighing of the relevant factors. To require defendant to have made the objection that the state urges *235 was needed here would be akin to requiring defendant to have had to ask the court to reconsider its ruling and reweigh those factors. We do not believe that the "preservation onion" needs to be sliced so thinly, particularly when the other policies underlying the preservation requirement were obviously served. State v. Amaya , 336 Or. 616, 629, 89 P.3d 1163 (2004) (recognizing "the problems that may arise if the preservation onion is sliced too thinly"). Therefore, we conclude that the matter was preserved.
We turn to the merits of defendant's appeal. Defendant assigns error to the trial court's denial of his request to waive a jury trial, arguing that the court misapplied the Harrell/Wilson factors that a trial court is to consider when deciding whether to consent to a jury trial waiver. We review the court's refusal to consent to defendant's request for a jury waiver for an abuse of discretion. Harrell/Wilson , 353 Or. at 253-54, 297 P.3d 461. For the reasons explained below, we agree with defendant that the court here abused its discretion in denying his request.
The Oregon Constitution provides that, in criminal proceedings,
"any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing[.]"
Or Const, Art I, § 11. A defendant's right to waive a trial by jury is a stand-alone right that "should be read in context as a right no less fundamental and no less personal than the other rights with which it is associated in the Oregon Constitution." Harrell/Wilson , 353 Or. at 263, 297 P.3d 461 ; see also State v. Austin , 274 Or. App. 114, 120, 360 P.3d 603 (2015) (explaining that a criminal defendant's right to waive a jury trial is "no minor matter"). "And if the exercise of that right is to be protected, then a trial court's consent under Article I, section 11, should focus on the validity of the defendant's election to waive a jury trial." Harrell/Wilson , 353 Or. at 263, 297 P.3d 461 ; cf. State v. Baker , 328 Or. 355, 364, 976 P.2d 1132 (1999) (holding as unconstitutional a statute that granted to the prosecutor a right to jury trial because the statute infringed on criminal defendants' right to waive a jury under Article I, section 11 ).
*236 Choosing whether or not to consent to a jury waiver is a "classic example" of an exercise in judicial discretion, but that judicial discretion is not absolute. Harrell/Wilson , 353 Or. at 254, 297 P.3d 461. In the context of deciding whether to grant a defendant's request to waive a jury trial, a trial court's exercise of judicial discretion must "fall[ ] within a permissible range of legally correct outcomes" within the confines of Article I, section 11. Id . In determining the contours of that range, the Supreme Court in Harrell/Wilson -after reviewing the text, context, and history of the jury waiver provision in Article I, section 11-held that a trial court should "evaluate a criminal defendant's decision to waive trial by jury in the context of improving judicial economy, taking into account considerations of speed, economy, and the prosecutor's expressed preference for or against defendant's waiver, and *934 the continued protection of the defendant's rights," as well as other considerations that may arise in a particular case. Id . at 264, 297 P.3d 461. As the court observed, the voters who enacted the jury waiver provision
"had reason to expect that the discretion undergirding a trial court's consent-or lack thereof-to [a defendant's request to waive a jury trial] for the most part would be informed by inquiries that corresponded to the amendment's overarching purpose: Will the resulting proceedings be faster? Will they be more economical? Will they fully protect the rights of the individual accused of a crime? As a general rule, affirmative answers to those questions logically would lead to the conclusion that a criminal defendant's jury waiver should be granted."
Id. at 260, 297 P.3d 461. We have since emphasized that, "[a]ll things considered, the paramount consideration remains whether a bench trial will fully protect a defendant's rights." Austin , 274 Or. App. at 120, 360 P.3d 603 (internal quotation marks and brackets omitted). Accordingly, we begin there.
In refusing to consent to defendant's waiver of a jury trial in this case, the trial court reasoned, in part, that it was "convinced that a jury would fully protect [defendant's] rights"; however, that reasoning does not take into account defendant's fundamental right to waive a jury trial under Article I, section 11. That the court was persuaded that a jury would be able to protect defendant's rights is not *237 equivalent to a determination that defendant's rights would not be protected by his choice, under Article I, section 11, to waive a jury trial.[2] See Harrell/Wilson , 353 Or. at 263, 297 P.3d 461 ("[I]n Oregon, the ability to waive trial by jury is a constitutional right that belongs to the individual who wishes to exercise it."); id. at 253, 297 P.3d 461 ("Under the Oregon Constitution, criminal defendants possess both the right to be tried by a jury and the concomitant right-albeit bounded by judicial consent-to waive that jury trial guarantee in favor of a bench trial." (Emphasis in original.)). In other words, the trial court's reasoning here that "a jury would fully protect [defendant's] rights" overlooks the precise right that defendant sought to exercise.
As noted above, in considering whether to consent to a jury waiver, the trial court's focus, with regard to protecting a defendant's rights, should be on whether a defendant's jury waiver is valid; that is, whether the waiver is voluntarily and knowingly made. Id . at 262, 297 P.3d 461 ("[I]f the exercise of [the jury waiver] right is to be protected, then a trial court's consent under Article I, section 11, should focus on the validity of the defendant's election to waive a jury trial."); Austin , 274 Or. App. at 120, 360 P.3d 603 ("In part, the consent requirement is to protect the defendant by assuring that waiver is voluntary and understandingly made with knowledge by the party of his or her rights." (Internal quotation marks and brackets omitted.)). The trial court's assertion that a jury trial would adequately protect defendant's rights does not address whether defendant knowingly and voluntarily made the waiver with an understanding of his rights, whether defendant accepted the court's premise or not. Thus, we agree with defendant that the trial court failed to properly consider that "paramount" factor.
We also find flaws in the trial court's reasoning with respect to its conclusion that interests of judicial economy weighed against granting defendant's waiver request.[3]
*238 Regarding "speed and economy," the Supreme Court has explained:
"[I]t is well-established that trial courts generally possess broad discretion to ensure that the proceedings before them are orderly and expeditious. [ State v. ] Rogers , 330 Or. [282, 301, 4 P.3d 1261 (2000) ]. See *935 also ORS 1.010(3) (every court of justice has power to provide for orderly conduct of proceedings before it). And it goes without saying that, when defendants seek to waive jury trials in favor of bench trials, such a procedural change ordinarily results in a saving-often substantial-of time and money. Trial courts can realize those potential savings by consenting to a defendant's waiver of trial by jury."
Harrell/Wilson , 353 Or. at 261, 297 P.3d 461.
Here, the trial court reasoned that interests of speed and economy weighed against consenting to defendant's waiver of a jury trial, because the state had already expended financial resources by summoning potential jurors for a jury trial. The court explained:
"[I]t's certainly no more economical in this particular case, to waive a jury. The jury is here. They're going to get paid for being here today. We will still have to pay them for being here today, even if they don't do the trial."
However, the fact that the jurors had been summoned does not mean that a jury trial necessarily would be speedier and more economical than a bench trial. By focusing solely on the state financial resources that already had been expended in summoning the potential jurors, the trial court over-looked the time and resources that could be saved by going forward with a bench trial, for example by eliminating the time needed to conduct voir dire , to instruct the jury, and for the jury to deliberate. In addition, a bench trial could save the resources of the potential jurors' time in hearing and deciding the case because, presumably, those jurors would be excused or, perhaps, used for a different trial. In short, it does not appear that the court considered the expenditure of judicial resources as a whole when considering *239 whether granting defendant's request would promote judicial economy.
Along similar lines, the trial court expressed concern about the timing of the waiver request-approximately 45 minutes before trial was set to begin-because the jurors had been notified the night before to appear and were "in the back room waiting to serve." As noted, trial courts ordinarily possess broad discretion in managing their courtroom proceedings. Id. (citing Rogers , 330 Or. at 301, 4 P.3d 1261, and ORS 1.010(3) ).
"[O]nce a trial has begun, a number of interests other than the defendant's Article I, section 11, rights come into play. Among those are the trial court's overriding obligation to ensure the fairness and integrity of the trial and its inherent authority to conduct proceedings in an orderly and expeditious manner."
State v. Hightower , 361 Or. 412, 417-18, 393 P.3d 224 (2017) ; see also Rogers , 330 Or. at 301, 4 P.3d 1261 ("A trial court's authority to exercise reasonable discretion to ensure that the trial is orderly and expeditious does not evaporate when the parties assert their constitutional rights during trial. Rather, a trial court is obliged to accommodate the exercise of all pertinent constitutional and statutory rights by all parties within the context of an orderly and expeditious trial." (Citations omitted.)).
We appreciate the trial court's frustration upon receiving defendant's waiver request at such a late hour, and we also appreciate the inconvenience to those in the jury pool who may have shown up to court only to be dismissed. However, defendant's requested waiver came before the trial had commenced and the jury had been empaneled, when the court could have dispensed with the jury without disrupting or prolonging the trial. Thus, the inconvenience to the court and the jurors was relatively minor, when weighed against defendant's exercise of his constitutional right to waive trial by jury.
For the reasons explained above, we conclude that the trial court's denial of defendant's right to waive trial by jury was not within the "permissible range of legally correct *240 outcomes" and, therefore, was not a permissible exercise of the court's discretion. Accordingly, we reverse.
Reversed and remanded.

Additionally, after the initial briefing was completed and following oral argument, defendant filed a supplemental brief that included five supplemental assignments of error, which all relate to the trial court's instruction to the jury that it could return a nonunanimous verdict. Defendant contends that the Sixth and Fourteenth Amendments to the United States Constitution require unanimous jury verdicts. We reject the supplemental assignments of error without further discussion.

We do not understand the trial court to have determined that the court was not able to fully protect defendant's rights in a bench trial. If that were the case, recusal would be the proper course of action, not denial of defendant's jury-waiver request.

A trial court may also consider the prosecutor's preference for a jury "when it is couched in terms of 'promoting judicial economy and seeking justice.' " Austin , 274 Or. App. at 120, 360 P.3d 603 (quoting Harrell/Wilson , 353 Or. at 261, 297 P.3d 461 ). Here, the prosecutor expressly took no position on defendant's request to waive a jury trial.