Argued and submitted January 30, 2019; conviction on Count 1, unlawful use of a weapon, vacated and remanded; remanded for resentencing; otherwise affirmed May 6, 2020

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### JOSE ALTAMIRANO-JUAREZ,
*Defendant-Appellant.*

Marion County Circuit Court
17CR14365; A165376

466 P3d 1037

Defendant appeals a judgment of conviction for, among other things, unlawful use of a weapon, ORS 166.220 (Count 1). Defendant contends that "[t]he trial court erred when it denied defendant's mid-trial request to waive his right to have the jury decide his guilt on Count 1." Defendant also argues that the trial court erred when "it categorized defendant as a 6D grid block offender on the Oregon Felony Sentencing Guidelines" for that conviction. *Held*: Because it appeared that the trial court refused to consent to defendant's request to waive his right to a jury trial on an improper basis, the Court of Appeals could not conclude that the trial court acted within the bounds of its discretion. Furthermore, the state conceded, and the Court of Appeals agreed, that the trial court erred in classifying defendant as a 6D offender on the sentencing guidelines for that conviction.

Conviction on Count 1, unlawful use of a weapon, vacated and remanded; remanded for resentencing; otherwise affirmed.

J. Channing Bennett, Judge.

Erica Herb, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

TOOKEY, J.

Conviction on Count 1, unlawful use of a weapon, vacated and remanded; remanded for resentencing; otherwise affirmed.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for unlawful use of a weapon, ORS 166.220 (Count 1), fourth-degree assault, ORS 163.160 (Count 2), menacing, ORS 163.190 (Count 3), and possession of methamphetamine, ORS 475.894 (Count 4), raising three assignments of error. We reject his first assignment of error without discussion. In his second assignment of error, defendant contends that "[t]he trial court erred when it denied defendant's mid-trial request to waive his right to have the jury decide his guilt on Count 1."

Because, on this record, it appears that the trial court refused to consent to defendant's exercise of his right to waive a jury trial on an improper basis, we cannot conclude that the trial court acted within the bounds of its discretion. Accordingly, we vacate and remand Count 1 for the trial court to reconsider defendant's jury trial waiver in accordance with the factors articulated in *State v. Harrell/ Wilson*, 353 Or 247, 297 P3d 461 (2013). In his third assignment of error, defendant argues that the trial court erred when "it categorized defendant as a 6D grid block offender on the Oregon Felony Sentencing Guidelines" for his conviction on Count 1. The state concedes, and we agree, that the trial court erred in classifying defendant as a 6D offender on the sentencing guidelines for his conviction on Count 1, and, therefore, we also remand for resentencing.

## I.   DEFENDANT'S JURY TRIAL WAIVER

A.   *Background*

The relevant facts are mostly procedural and undisputed. After a physical altercation with a member of his family, defendant was charged with unlawful use of a weapon (Count 1), fourth-degree assault (Count 2), menacing (Count 3), possession of methamphetamine (Count 4), and punitive contempt (Count 5). Counts 1-4 were tried by a jury and Count 5 was tried by the court.

Before closing arguments, defendant attempted to waive his right to have the jury decide Count 1, and the court took the matter under advisement:

"[DEFENSE COUNSEL]: Your Honor, this has been done before, but I think it is up to the judge's discretion with what they would want to do. At this point, [defendant] would like to waive jury on Count 1.

"THE COURT: Off the top of my head, I don't know. But I'll *** think about that issue.

"This is, again, as we're going to jury. So make your closing argument and then *** I'll make my decision. *** I don't know what the basis [is] to do one but not all. And *** I would decline to do that, so—okay?

"So are you going to rest or are you not going to rest?

"[DEFENSE COUNSEL]: No, defense will rest."

The parties gave their closing arguments. While the jury was deliberating, defendant confirmed that the court had denied his request to waive his right to have the jury decide Count 1:

"THE COURT: No. I denied it.

"[DEFENSE COUNSEL]: You denied it. Okay.

"THE COURT: I declined to make a mid-trial decision to do [a] bench [trial] on one count[.]"

The jury returned guilty verdicts on Counts 1-4, and the trial court dismissed Count 5.

As noted, on appeal, defendant contends that the trial court erred when it denied defendant's mid-trial request to waive his right to have the jury decide his guilt on Count 1. More specifically, defendant contends that the trial court erred when it denied defendant's request because "it appears that the court was unsure whether it could grant [defendant's request] because defendant wanted to waive jury on only one of the counts," and, therefore, the record does not reflect that the court acted within the bounds of its discretion when it refused to consent to defendant's waiver of his right to trial by a jury on Count 1. The state contends that defendant's argument is not preserved and, in the alternative, that the trial court did not err in denying defendant's request because there is no indication that the court relied on an improper basis when it decided to deny defendant's request to waive his right to a jury on Count 1.

B. *Preservation*

Before reaching the merits of defendant's second assignment of error, we briefly address the state's argument that the issue is unpreserved. The state contends that defendant did not preserve an argument that the court erred by failing to adequately explain the basis for its decision, because defendant did not specifically request that the trial court explain its decision.

In *State v. Jones*, 270 Or App 254, 256-57, 347 P3d 346 (2015), we concluded that the defendant failed to preserve his contention that "the court abused its discretion by failing to adequately explain its reasons for refusing to consent to his jury waiver" because "he did not request an explanation from the trial court for its refusal to consent to his jury waiver." We also observed that the defendant did "not raise a challenge to the trial court's implicit reason for refusing to consent as improper," and declined the "defendant's invitation to implicitly read such a challenge into the argument that defendant does make on appeal." *Id*. at 257.

Here, by contrast, defendant's argument on appeal is more nuanced and raises "a challenge to the trial court's implicit reason for refusing to consent as improper." *Id*. Defendant contends that, because the trial court appears to have relied on a mistaken belief that there was not a legal "basis" to grant defendant's mid-trial request only as to Count 1, the trial court "denied the request on an improper basis," and, thus, "it failed to act within the bounds of its discretion." As discussed above, defendant argued to the trial court that it had the "discretion" to consent to his mid-trial waiver to have the jury decide his guilt on Count 1. The trial court appeared to base its decision to deny defendant's request to waive his right to a jury trial on Count 1, in part, on a mistaken belief that it did not think it had the authority to allow defendant's mid-trial request on "one [count] but not all." When defendant asked for a clarification of that ruling, the trial court reiterated that it would not grant defendant's mid-trial request "to do [a] bench [trial] on one count." At that point, in order to preserve his argument on appeal, defendant was not required to renew his contention that the court had the discretion—and, hence, the legal

authority—to grant defendant's request only as to Count 1 to preserve his argument on appeal. *See State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011) ("Once a court has ruled, a party is generally not obligated to renew his or her contentions in order to preserve them for the purposes of appeal."). Therefore, we conclude the issue that defendant raises on appeal was adequately preserved.

C.   *Defendant's Waiver*

We turn to the merits of defendant's contention that the trial court "denied the request on an improper basis," and, thus, "it failed to act within the bounds of its discretion." "We review for an abuse of discretion whether the trial court erred in denying consent to defendant's right to waive a jury." *State v. Austin*, 274 Or App 114, 119, 360 P3d 603 (2015). "[J]udicial discretion is always bounded by a simple framework: It must be lawfully exercised to reach a decision that falls within a permissible range of legally correct outcomes," and it should "be exercised according to fixed legal principles in order to promote substantial justice." *Harrell/ Wilson*, 353 Or at 254 (internal quotation marks omitted).

Article I, section 11, of the Oregon Constitution, provides that, in all criminal prosecutions, "any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing[.]"[1] The Supreme Court in *Harrell/Wilson*—after reviewing the text, context, and history of the jury provision in Article I, section 11—held that a trial court should "evaluate a criminal defendant's decision to waive trial by jury in the context of improving judicial economy, taking into account considerations of speed, economy, and the prosecutor's expressed preference for or against defendant's waiver, and the continued protection of the defendant's rights," as well as other considerations that may arise in a particular case. 353 Or at 264. "[T]he paramount consideration remains whether a bench trial will fully protect a defendant's rights."

---

[1] The parties do not assign error to the lack of a written waiver on Count 1 or otherwise argue that its absence should impact the holding in this case. "We assume that, because the trial court did not consent to defendant's waiver, there was no need for defendant to tender a written waiver" on Count 1. *Harrell/Wilson*, 353 Or at 251 n 2.

*Austin*, 274 Or App at 120 (internal quotation marks and brackets omitted).

     *Harrell/Wilson* involved two criminal cases, which were consolidated for purposes of the Supreme Court's opinion, in which each defendant attempted to waive his constitutional right to a jury trial. *Id*. at 249. In *Harrell,* the "defendant's decision to waive his jury right arose during jury deliberations after the jury had submitted a question to the trial judge, that, in defense counsel's view, demonstrated that the jury was 'hopelessly confused' in its application of the law to the evidence before it." *Id*. at 264. The trial judge indicated that, without the agreement of the prosecutor, it lacked the discretion to dismiss the jury during deliberations. *Id*. Based on the record before it, the Supreme Court could not determine whether the trial judge's refusal to consent to the defendant's exercise of his right to waive a jury during deliberations was premised on a belief that,

> "(1) he lacked authority to exercise discretion to consent to the waiver, or (2) he believed he could not consider the waiver without a prosecutor's consent, or (3) he had concluded that defendant's requested waiver was inconsistent with considerations of judicial economy and that he should in an exercise of discretion withhold his consent."

*Id*. at 265. Accordingly, the court remanded the case to the trial court to reconsider the defendant's jury trial waiver request in accordance with the factors that it articulated in its opinion. *Id*.

     This case presents the same trouble. The trial court did not express its findings or its reasons to refuse consent to defendant's request to waive a jury trial on Count 1. As noted, after defendant argued that the trial court had the "discretion" to consent to his waiver, the trial court stated that it did not "know what the basis [is] to do one [count] but not all" of the counts mid-trial. To the extent that the trial court concluded that it lacked the authority and, hence, the discretion to consent to defendant's waiver only as to Count 1 mid-trial, that was error, because the trial court did not consider "whether a bench trial [on Count 1] will fully protect *** defendant's rights." *Austin*, 274 Or App at 120 (internal quotation marks and brackets omitted); *see State v. Rogers*,

330 Or 282, 301, 4 P3d 1261 (2000) ("A trial court's authority to exercise reasonable discretion to ensure that the trial is orderly and expeditious does not evaporate when the parties assert their constitutional rights during trial. Rather, a trial court is obliged to accommodate the exercise of all pertinent constitutional and statutory rights by all parties within the context of an orderly and expeditious trial." (Citations omitted.)); *Austin*, 274 Or App at 122 (remanding for the trial court to evaluate the defendant's waiver of his right to trial by jury on one of two counts, because the trial court may have based its decision on an impermissible basis). Because it appears that the trial court refused to consent to defendant's exercise of his right to waive the jury on Count 1 on an improper basis, we remand for the trial court to evaluate defendant's waiver as to that count, considering the factors outlined in *Harrell/Wilson*.

## II.   CLASSIFICATION ON THE SENTENCING GUIDELINES

We briefly discuss defendant's third assignment of error because it could arise on remand. Defendant argued at sentencing that his 1995 conviction for vehicular assault from Washington could not be used in his criminal history calculation because it did not correspond to a "person felony conviction in Oregon," and, thus, he should be classified as 6H for purposes of sentencing on Count 1. The trial court disagreed and used the Washington conviction to classify defendant as a 6D on the sentencing guidelines.

On appeal, defendant argues that the trial court erred when it classified defendant as a 6D on the sentencing guidelines on Count 1 based on his prior conviction in Washington for vehicular assault. The state concedes, and we agree, that the trial court erred when it used defendant's vehicular assault conviction to increase his criminal history score because the "elements of the Washington offense do not constitute either assault in the third degree or failure to perform the duties of a driver."[2] Accordingly, this case also needs to be remanded for resentencing for that reason.

---

[2]  OAR 213-004-0011 provides, in part, "An out-of-state adult conviction shall be used to classify the offender's criminal history if the elements of the offense would have constituted a felony or a Class A misdemeanor under current Oregon law."

### III.  CONCLUSION

We vacate and remand defendant's conviction as to the charge of unlawful use of a weapon with instructions to reconsider defendant's request for jury trial waiver in accordance with *Harrell/Wilson*. In the event the court declines to consent to defendant's waiver of a jury trial on Count 1, the court will reinstate the judgment of conviction, resentence defendant, and apply the appropriate criminal history score on Count 1. In the event that the court consents to defendant's waiver of a jury trial on Count 1, the court will enter an order reversing the unlawful use of a weapon conviction, grant defendant a new trial on Count 1, and resentence defendant on the remaining convictions. *See Austin*, 274 Or App at 126 (remanding with similar instructions).

Conviction on Count 1, unlawful use of a weapon, vacated and remanded; remanded for resentencing; otherwise affirmed.