Submitted October 4; Counts 1, 2, and 4 reversed and remanded, Count 3 reversed November 20, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRENDA KAY MERRITT,
*Defendant-Appellant.*

Coos County Circuit Court
17CR34250; A166478

454 P3d 844

Richard L. Barron, Senior Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

PER CURIAM

Counts 1, 2, and 4 reversed and remanded; Count 3 reversed.

**PER CURIAM**

Defendant appeals her judgment of conviction for two counts each of delivery of methamphetamine (Counts 1 and 3) and possession of methamphetamine (Counts 2 and 4). We reverse and remand for a new trial on count Counts 1, 2, and 4, and for entry of a judgment of acquittal on Count 3.

In her first assignment of error, defendant contends that the trial court abused its discretion in denying her request for a jury waiver. The state concedes the point under *State v. Ames*, 298 Or App 227, 445 P3d 928 (2019). In *Ames*, we concluded that the trial court abused its discretion in denying the defendant's day-of-trial request to waive a jury because "the trial court over-looked the time and resources that could be saved by going forward with a bench trial," and the "the inconvenience to the court and the jurors was relatively minor, when weighed against defendant's exercise of his constitutional right to waive trial by jury." *Id.* at 238-39. Accordingly, we reversed and remanded for a new trial. Here, as the state acknowledges, the relevant facts are not materially distinguishable from those in *Ames*. We must therefore reverse and remand on all counts, save one.

In her fourth assignment of error, defendant contends that the trial court erred by denying her motion for judgment of acquittal on Count 3. Defendant argues that there was no evidence that she possessed a saleable quantity of methamphetamine, making it speculative for a jury to determine that defendant possessed methamphetamine with the intent to transfer it. *See State v. Newsted*, 297 Or App 848, 853-54, 444 P3d 527 (2019) (intent to transfer can be inferred from a showing that the defendant possessed an amount of a controlled substance inconsistent with personal use, along with materials commonly associated with delivery of controlled substances, such as scales and packaging materials). The state concedes that the evidence presented with respect to Count 3 was insufficient to establish a nonspeculative inference that she intended to transfer the methamphetamine found in her possession. We agree and accept the state's concession that defendant is entitled to entry of a judgment of acquittal on Count 3.

This resolution obviates the need to address defendant's remaining assignments of error, which present issues that may not recur on remand.

Counts 1, 2, and 4 reversed and remanded; Count 3 reversed.